John Van Vechten, Executor, etc., Appellant, *v.* Eliff Keator, Respondent.

It is only where the different clauses of a will are irreconcilable upon any reasonable interpretation, that effect will be given to the latest in preference to the earlier clauses; where all can be harmonized full effect will be given to all.

The will of E., by its first clause, charged her real estate with the payment of her debts, and empowered her executors to sell so much thereof as should be necessary for that purpose. By the second clause she bequeathed her personal property to S. By the third and last she devised all her real estate to her executors in trust for the benefit of S. and her husband for their lives, with remainder over to their children. *Held,* that the devise was subject to the power in trust vested in the executors by the first clause; that a sale in pursuance thereof operated as a conversion of the realty sold into personalty as to so much of the proceeds as were required for the payment of debts; that the executors could only sell as such, and for the payment of debts for which resort could be had to them as executors, and for the payment of which, but for the will, the personalty would have been the primary fund; that the executors were not chargeable with the payment of mortgages upon the real estate; and that, therefore, such proceeds could not be applied to the payment of mortgage debts to the prejudice of creditors not secured by mortgage.

(Argued September 28, 1875; decided October 5, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a decree of the surrogate of Ulster county in the matter of the accounting of appellant, as executor of the last will and testament of Eliza Elmendorf, deceased.

Said Eliza Elmendorf died in April, 1858, leaving a will of which (omitting the formal parts) the following is a copy :

" First. I do hereby nominate and appoint John Van Vechten and Conrad Brodhead executors of this, my last will and testament, and hereby authorize and empower my said executors, and the survivor of them, to sell, at public or private sale, all or any of my real estate, or so much thereof as may be necessary to pay my just debts and settle up my estate. But it is my will and desire that my said executors shall, for

that purpose, first sell and dispose of whatever wild or unproductive lands I may have, reserving, if possible, the homestead farm of my father which is situated in the town of Kingston and now occupied by France and Seely.

" Secondly. I do give and bequeath to Sarah, the wife of my son Nicholas, all my personal property, of every name and kind, to be held to her sole and separate use during her life; and after her death I give and bequeath the same to my grandchildren, to wit, the children of my son, Nicholas, and Sarah, his wife.

" Thirdly. I do hereby give and devise all my real estate of every name and kind whatsoever, and wheresoever situate, to my said executors, John Van Vechten and Conrad Brodhead, and to their survivor, to be held by them and their survivor in trust, nevertheless, to and for the following uses and purposes, to wit: To receive the issues, rents and profits thereof and pay the same to Sarah, wife of my said son, Nicholas, to be applied by her to the support of the family of my said son, Nicholas. The rents, issues and profits thereof to be so paid and applied during the life of said Nicholas and during the life of said Sarah; and after their death, and the death of each of them, my said executors, and the survivor of them, shall convey the same in fee to my grandchildren, the children of my said son, Nicholas, and Sarah, his wife."

The executors from time to time, under the power given in the will, sold and conveyed portions of the real estate. The respondent, a judgment creditor, petitioned the surrogate that they be required to account. The accounts, as rendered, showed receipts from such sales to the amount of about $26,000 and payments to more than that amount, showing a balance due the executors. It appeared, however, that of such payments more than the amount of the balance and of respondent's claim was paid by the executors upon mortgages on the homestead farm mentioned in the will, which was not sold, and for repairs and taxes on the same, they permitting the testator's daughter-in-law, Sarah, to receive

the whole income from said farm. The surrogate decreed that the executors pay respondent the amount of his judgment.

*Samuel Hand* for the appellant. The first clause of the will did not work an equitable conversion of the real estate. (*Allen* v. *De Witt*, 3 N. Y., 284; *Stagg* v. *Jackson*, 1 id., 212.) The surrogate had no jurisdiction. (*Tucker* v. *Tucker*, 4 Abb. Ct. App., Dec., 428; *Stilwell* v. *Carpenter*, Ct. App., Sept., 1875; *Dudley* v. *Mayhew*, 3 N. Y., 9; *Brookman* v. *Hand*, 43 id.) Defendant's right to compel the execution of the power of sale was barred by the statute of limitations. (*Ferguson* v. *Broome*, 1 Bradf., 10; *Peters* v. *Delaplaine*, 49 N. Y., 369; *Loder* v. *Hatfield*, 4 Hun, 36; *Miner* v. *Beekman*, 50 N. Y., 337.)

*J. N. Fiero* for the respondent. The power given by the first clause of the will was coupled with a trust, and is imperative. (2 R. S. [Edm. ed.], 684, §§ 94, 96, 106; *Phelps* v. *Phelps*, 28 Barb., 121.) The real estate directed to be sold became personalty upon the death of the testator. (*Phelps* v. *Pond*, 23 N. Y., 69; *Doughty* v. *Bull*, 2 P. Wms., 320; *Gaul* v. *Cook*, 2 Paige, 221; *Bogart* v. *Hertill*, 4 Hill, 492, 496.) The executors having acted under the power of sale, are estopped from denying its existence. (2 Pars. on Con., 793; 34 How. Pr., 432; *Welland Canal Co.* v. *Hatheway*, 8 Wend., 480; *Favill* v. *Roberts*, 3 Lans., 14; 50 N. Y., 222.) The surrogate had a right to call the executors to an account for the proceeds of the real estate sold by them. (2 R. S. [Edm. ed.], 113, § 57; *Clark* v. *Clark*, 8 Paige, 152; *Stagg* v. *Jackson*, 2 Barb. Ch., 86; *Erwin* v. *Soper*, 43 N. Y., 521; *Bloodgood* v. *Bruen*, 2 Bradf., 12; Dayton on Sur., 555, 557.) The executors had no right to use the proceeds of the real estate sold in the payment of mortgage, taxes and repairs on the homestead property. (1 R. S. [Edm. ed.], 700, § 4; *Moseley* v. *Marshall*, 27 Barb., 42; *Halsey* v. *Reed*, 9 Paige, 444; *House* v. *House*, 10 id.,

163; *Johnson* v. *Corbett*, 11 id., 265; *Wright* v. *Holbrook*, 32 N. Y., 587; *Wilcox* v. *Smith*, 26 Barb., 337.)

ALLEN, J.    The will is entirely harmonious and every part may have full effect.    It is only when the different clauses are irreconcilable upon any reasonable interpretation, that the latest clauses, as the last expressions of the will of the testator, are to have effect in preference to the earlier clauses of the will.    (*Van Nostrand* v. *Moore*, 52 N. Y., 12.)    By the first clause the testatrix relieves her personal estate from the payment of debts, and substitutes her real property as a fund for that purpose, empowering the executors to sell so much thereof as should be necessary to pay her just debts.    By the second clause she effectually bequeaths her personal property of every kind to her daughter-in-law, and by the third and last clause she devises all her real estate to her executors, in trust for the same daughter-in-law, for her life and the life of her husband, with remainder over to their children.    This devise is subject to the power in trust vested in the executors to sell for the payment of debts.    Although this is not expressed in terms it is clearly implied and is necessary to give effect to the intent of the testatrix.    Upon any other construction every other part of the will must be nullified, and with this qualification and limitation of the devise, clearly in the mind of the decedent, every part of the will can stand. (*Kinnier* v. *Rogers*, 42 N. Y., 531.)

The sale of the real property by the executors, in the exercise of this power, operated as a conversion of the realty sold into personalty as to so much of the avails as were required for the payment of debts.    Whether the power conferred, not mandatory but contingent, depending upon a necessity to sell, and to some extent discretionary with the executors, stamped upon the real property thus put at the disposal of the executors the character of personalty, or whether the proceeds of the sale of the realty in excess of that which was required for the payment of debts was to be regarded as real or personal property, are not important questions, as all the

estate, whether real or personal, took the same direction under the will. The executors could only sell under the power to provide for debts, with the payment of which they were charged as executors. They were not charged with the payment of the principal or interest upon the mortgages of the real estate of the decedent. By statute the devisee was bound to satisfy and discharge the mortgage and was not permitted to resort to the executor, there being no express direction in the will that the mortgage should be paid by the executor. (1 R. S., 749, § 4; *Johnson* v. *Corbett*, 11 Paige, 265; *House* v. *House*, 10 id., 158.) As trustee, taking the property for the use of the daughter-in-law of the testatrix and her husband for their lives, there was no power of sale vested in the present respondent. His powers as trustee were limited and did not include a power of sale, and he could only sell as executor and for the payment of debts for which he could be resorted to as executor, and for the payment of which, but for the will, the personalty would have been the primary fund. He could not, therefore, sell any of the real property for the payment of a debt secured by mortgage upon the property devised, and it follows that the avails of that sold for the payment of debts could not, to the prejudice of creditors not secured by mortgage, be applied to the payment of mortgage debts. The payments upon the mortgage were, so far as appears, voluntary, and whether the testatrix was personally bound for the mortgage debt does not appear, and in the absence of any compulsory process by the mortgage creditor to collect the debt of the executor, is immaterial. The surrogate was right in adjudging that such payments were a diversion and a misapplication of the fund held for creditors, and unauthorized, and in disallowing the claim of the executor to be allowed for the payments to the extent of the respondent's claim. The executor took no objection to the judgment, or its validity as against him, neither could he have done so; the judgment was conclusive against him. The controversy was between the creditor and the executor and not with the devisees, as the creditor

was not seeking to enforce his judgment against them or their property, and the decision did not affect them or their interests.

The judgment of the Supreme Court and the decree of the surrogate should be affirmed with costs.

All concur; MILLER, J., not sitting.

Judgment and decree affirmed.