NEW YORK COUNTY. — HON. D. C. CALVIN, SURROGATE.—
January, 1878.

## LAWRENCE v. ELLIOTT.

*In the matter of the probate of the last will and testament of* MARY M. KEESE, *deceased.*

In order to bring any corporation within the provisions of section 6, of chapter 319, of the Laws of 1848, and the restrictions upon the capacity of benevolent and charitable corporations to take real or personal

property by devise or bequest, contained therein, it must be shown that the corporation was formed under that act, or by legislation made subject thereto.

The requirement of that section, that the devise or bequest shall have been made at least two months before the death of the testator, applies only to a devise or bequest by a person leaving a wife, child or parent, and is not applicable to the case of one leaving no such relative, and bequeathing property to a corporation formed under that act.

Under a will disposing of real and personal property, and which did not empower the executor and trustee to sell the realty, a devise and bequest of the residuary estate to a corporation "as a fund," for a specified purpose,—*Held* to vest the title to the realty, as such, in the corporation, and not to amount to a bequest of it as personalty.

*Held* also, that, assuming that such residuary clause created a trust estate, it was one recognized as valid under the laws of New York.

The provisions of chapter 319, of the Laws of 1848, operate to repeal *pro tanto*, and under the restrictions there established, the statutes against perpetuities, so far as the benevolent and charitable corporations therein authorized are concerned.

THE will in question bore date April 7, 1877, and, after various bequests and devises, gave to the executors $10,000 in trust to invest, and apply the interest and income to the use of Theodore Keese during life, after his death the principal sum to go to the residuary legatee named in the will; and also bequeathed to the New York Society Library, $17,000; to the President and Fellows of Yale College, $2000, to be called the Keese Prize Fund, the income to be paid to the member of the class graduating at the end of the regular lecture term who shall write the best thesis, the professor of the medical faculty to award the prize, and if none are of sufficient merit to deserve it, to be withheld for that year, and the income added to the principal fund; to Saint Luke's Hospital, $10,000; and all the rest, residue and remainder was given and devised to Saint Luke's Hospital, as a fund for the burial of the dead, dying

therein.    The will appointed Doctor Ellsworth Elliott
executor.

Sarah A. Lawrence, a sister and heir-at-law, filed
objections to the probate, and contested the validity
of the dispositions contained in the will to Yale
College, the New York Society Library, and Saint
Luke's Hospital.    Susan A. Drake, another sister and
next-of-kin, also filed objections.

THOMAS HYSLOP, *for the proponent.*

GEORGE W. MILLER, *for St. Luke's Hospital.*

GEORGE A. BAKER, *for the New York Society Library.*

CHARLES D. INGERSOLL, *for the Chancellor, &c., of Yale College.*

CHARLES N. BLAKE, *for Sarah A. Lawrence.*

B. A. McCAFFREY, *for Susan A. Drake.*

RICHARD H. BOWNE *and* WILLIAM FULLERTON, *of counsel.*

THE SURROGATE.—No question is made in respect
to the due execution of the instrument propounded,
and it appears to have been executed in conformity
to law, by a testatrix of sound and disposing mind,
and free from undue influence ; and the only question
to be considered is as to the validity of the several
bequests to corporations, and of the residuary clause.

The testatrix left no husband, child, or parent her
surviving, but left two sisters, who are contestants.

The will bears date the 7th day of April, 1877, and
the testatrix died the next day.

The legacies to the corporations are claimed to be
void under section 3 of 2 *Revised Statutes at Large,*
58 (2 *R. S.,* 57), which reads as follows: "Such devise
may be made to every person capable by law of
holding real estate, but no such devise to a corporation

22

shall be valid unless such corporation be expressly authorized, by its charter or by statute, to take by devise." They are also impugned as invalid, under chapter 319 of the Laws of 1848 (p. 447), entitled "An Act for the incorporation of Benevolent, Charitable, Scientific and Missionary Societies," the 6th section of which reads as follows: "Any corporation formed under this act shall be capable of taking, holding, or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will or testament of any person whatsoever, the clear annual income of which devise or bequest shall not exceed the sum of $10,000; provided no person leaving a wife, or child, or parent shall devise or bequeath to such institution or corporation more than one-fourth of his or her estate, after payment of his or her debts, and such devise or bequest shall be valid to the extent of such one-fourth, and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator."

By chapter 360 of the Laws of 1860 (p. 607), being an act entitled "An Act relating to Wills," it is provided that "no person having a husband, wife, child, or parent shall, by his or her last last will or testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious, or missionary society, association, or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and that such devise or bequest shall be valid to the extent of one-half, and no more," and that all laws inconsistent with said act are repealed.

The residuary clause of the will is claimed to be invalid, not only under the statutes above cited, but on the ground that it is not a trust sanctioned by the Revised Statutes, or by previously existing law, and is void as too indefinite.

By section 45 of 2 *Revised Statutes* (6 ed.), 1105 (1 *R. S.*, 727), uses and trusts, except as authorized and modified in that article, are abolished.

It is claimed by the counsel for the proponents that the residuary clause disposes only of personalty, and that the statute of uses and trusts does not apply, and that the absolute ownership of personalty is not thereby unlawfully suspended; while the counsel for the contestants claim that if it shall be held to be a disposition only of personalty, it attempts a suspension of the absolute ownership of the personal property, contrary to the statute.

Section 1 of 2 *Revised Statutes* (6 ed.), 1167 ( 1 *R. S.*, 773), reads as follows: "The absolute ownership of personal property shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance, and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition, or, if such instrument be a will, for not more than two lives in being at the death of the testator."

There seems to be no question as to the authority of the several corporations named, to take by devise or bequest under their charters, and therefore it is unnecessary to consider the force of section 3 of 3 *Revised Statutes* (6 ed.), 58 (2 *R. S.*, 57), above cited, or whether the various provisions of the will in behalf

of said corporations dispose of personal or real property, though it is entirely apparent that section 3, above stated, does not affect the legacies to Yale College or the Society Library, for that section refers to devises of real estate only, and as St. Luke's Hospital was organized under the act of 1848, it obviously has the power to receive real and personal property by devise or bequest under that act within the limitations contained in section 6 thereof.

It is quite clear that chapter 360 of the Laws of 1860 (above cited) does not affect the provisions of this will, for the reason that the testatrix, when she made the same, had neither husband, wife, child, or parent; but if it did, there is no evidence before me to show that the amount bequeathed to the corporations mentioned in the will, embraces more than one-half of the testatrix' estate, after the payment of her debts.

The next question requiring consideration is whether the provisions of section 6 of the act of 1848 (above recited) apply to any corporations except those formed under that act, or by their charter made subject to its provisions. The commencement of section 6 seems, by plain and unmistakable language, to confine the section to corporations formed under that act, and such I understand to be the effect of the decision of Lefevre v. Lefevre (59 N. Y., 434). In that case, Allen, J. (p. 442), says: "The intent was to confer upon this corporation the same capacity to take by devise or bequest as was by general law for the incorporation of benevolent societies, &c., conferred upon corporations constituted under that act,

with an added limitation to its capacity to take and hold real property." The American Guardian Society referred to by the learned judge, was created a corporation by chapter 244 of the Laws of 1849, and was empowered to purchase and hold real estate, and to receive by gift or devise in the same manner and subject to the same restrictions as provided in the general laws for the incorporation of religious and benevolent associations, and to hold and convey such real estate; and Folger, J. (p. 448), says: "The charter of the respondent, the American Female Guardian Society, speaks in the plural of restrictions. It refers to, and embodies all those, and is the same as if this section were written into it; hence it is affected by that provision," referring to the 6th section of the act of 1848 (above cited).

It is claimed by the learned counsel for the contestants that the restrictions contained in section 6 are, in principle and in fact, applicable to all corporations; but it seems to me to be too plain for argument that the expression, "such institutions or corporations," (about the middle of the section) refers to the corporations theretofore mentioned at the commencement of the section, to wit: the corporations *formed under that act*, and that it would be a very forced construction to hold that it applied to any other.

It is urged that the mischiefs to be prevented are the same, whether the corporation be organized under that act, or otherwise, but a very obvious distinction occurs to my mind.

The act under consideration was a general law, and a scheme by which without further legislation or any

judicial supervision, certain persons might create a corporation, and in order to the proper protection of the corporation, and the persons dealing with it, certain restrictions are provided in the act, so as to affect all corporations created thereunder; but when the *legislature* shall assume to create a corporation, the reasonable presumption is that it will provide for all necessary restrictions and limitations upon the power and authority of such corporation, and therefore it would be unnecessary to provide therefor in the general act.

I entertain no doubt upon this question, and am of the opinion that to bring any corporation within the provisions and restrictions of the sixth section of the act of 1848, it must be shown that it was formed under that act, or by legislation made subject thereto; I do not deem it therefore necessary to .discuss the question, whether Yale College as a foreign corporation, is affected by the section under consideration.

The next and more important question is whether the latter clause of section 6, providing that no such devise, or bequest shall be valid in any will, which shall not have been made and executed at least two months before the death of the testator, is restricted to a devise or bequest by a person leaving a wife, or child, or parent, or whether it is applicable to all devises and bequests to any corporation formed under that act, or made subject thereto.

In Lefevre v. Lefevre above cited it was held that chapter 360 of the Laws of 1860 above quoted, did not repeal the restrictions of section 6, as to the time when the will should be made and executed, and

Folger, J., (p. 448) says that "the statute in question makes three limitations and restrictions upon the general capacity to take, conferred by the section; the one is as valid and operative as the others.    One restriction limits the quantity that may be taken; one the quantity that can be given; one the persons who may give, yet they all affect the beneficiary, and limit its power of acquiring by devise or bequest."

The case of Lefevre v. Lefevre, (or any other that I have been able to find), does not determine the question now under consideration, for in that case the deceased left a wife surviving.

The sixth section under consideration, is not very clearly framed.    After the proviso that a person leaving a wife &c., shall not devise &c., to such institutions or corporations more than one-fourth of the estate, after payment of debts, it says:    " Such devises or bequests shall be valid to the extent of such one-fourth."    The expression, " such devise or bequest " evidently refers to the devise or bequest of a person leaving a wife, or child, or parent, and it should be observed, that the restriction as to the time when the will was made and executed, forms a part of the same sentence, and follows the word " one-fourth " after a comma, while the provisions as to the leaving of a wife &c., follows a semicolon, and it seems to me that the reasonable as well as the grammatical construction of the section requires the latter limit to be regarded as a part of the same sentence, and to refer to a devise or bequest made by a person leaving a wife, or child, or parent, and that in the absence of such wife, child, or parent, a person may devise or bequeath

to any corporation formed under said act, any real or personal property, the clear annual income of which shall not exceed $10,000, without regard to the time of its execution.

The whole difficulty would have been solved if after the word " any " in the third line from the bottom of the section, the word " such " had been inserted, when it would have read, " and no such devise or bequest, shall be valid in any *such* will which shall not have been made and executed " &c.

Judge Willard, ( *Willard's Eq.*, 576), after quoting the sixth section, uses this language. " This provision was made to guard against improvident testamentary dispositions of property by persons *in extremis*, in derogation of the claims of near relatives," and the use of the word " near " indicates that his interpretation of the section is conformable to that above suggested.

In Lefevre v. Lefevre so often cited, (p. 449), Folger, J., after speaking of the act of 1860, on the question of its being a repeal of the latter clause of section 6, of 1848, says: " It permits, and makes valid, a devise or bequest of one-half of the estate after payment of debts, instead of one-fourth. It is not inconsistent with, or repugnant to these provisions, that still there shall be no valid devise or bequest, of more than one-half in such case, unless the will be made more than two months before death," plainly indicating in the opinion of the learned Judge, that one-half *would* be valid, though the will were made less than two months before the death.

I am therefore of the opinion that the legacy to St. Luke's Hospital, one of the most honored and valuable

charitable institutions of this city, is not repugnant to the restrictions of section 6, of chapter 319 of the Laws of 1848, and is valid.

It may be plausibly said that the improvident testamentary dispositions of property by persons *in extremis*, in derogation of the claims of relatives however remote, should be guarded against, but the tendency of our laws is to untrammel testamentary dispositions of property, and while a husband, wife, parent, or children have strong equitable claims to the bounty of the testator, growing out of the joint accumulations of property, the gratitude due to the parents for education and maintenance and the affection naturally flowing to offspring, yet remoter relatives seem to have no such persuasive claims.

The final question to be considered is as to the validity of the residuary clause, which is as follows:

" All the rest, residue, and remainder of my estate, I give devise, and bequeath to said St. Luke's Hospital, as a fund for the burial of the dead, dying at said Hospital."

It is claimed by the proponent's counsel that the residuary clause being given " as a fund," is a bequest of personalty, but it will be observed. that the executors are not empowered or instructed to convert the realty into money, and if the residuum shall consist of real estate, it is quite obvious that the residuary clause vests the title as such in the corporation named, and I entertain no doubt, that in that case it would vest as realty. I have examined with interest the very elaborate argument of the learned counsel for the contestant Sarah A. Lawrence, upon the subject of uses

and trusts, and the effect of our statute abolishing the same, but upon a careful consideration of this case, I am of the opinion that the numerous cases cited do not need to be reviewed, indeed the residuary clause of the will under consideration devises and bequeaths the residue of the testatrix's estate directly and absolutely to the corporation of St. Luke's Hospital, and vests the same in the corporation, which is the legal and the equitable owner, subject nevertheless to a particular mode of using it.

Willard ( *Willard's Eq.*, 186), defines a trust to be a confidence reposed in one person who is termed a trustee for the benefit of another, who is called the *cestui-que-trust*, and it is a confidence respecting property which is held by the former for the benefit of the latter, the legal estate being in the trustee, and the equitable in the *cestui-que-trust*.

But if it be admitted that the residuary clause referred to creates a trust estate, it seems to me that it is such an estate as is fully recognized, and held valid by the legislature.

In the case of Holmes *v.* Mead, (52 *N. Y.*, 332), Allen, J., in pronouncing the opinion of the court, says (p. 338), referring to the opinion of Porter, J., in Bascom *v.* Albertson (34 *N. Y.*, 584), " In that opinion, and the cases referred to by the learned judge, it is very satisfactorily demonstrated that the system of charitable uses, as recognized in England, has no existence in this State. The opinion of Judge Porter was adopted by seven of the eight judges of the court who recognized the case as a correct exposition of the law in this respect, and that they are not saved by

implication," and (at page 339), he says: " The statute abolishes all uses and trusts, and thus leaves the courts no discretion.   All trusts except those specifically saved are grouped together, and prohibited. The trusts retained are four in number and are active trusts for special temporary purposes in the interest of individuals.   They do not include perpetual trusts for charity, or for the benefit of classes, or of corporations.   It is no answer to say that the statute of uses and trusts, relates to private trusts: for that only proves that the legislature did not intend to permit public and general trusts.   In the statute of wills, the statute of uses and trusts, and the statutes against perpetuities, the legislature has effectually guarded against abuses which have prevailed in other countries, and has rendered it impossible to withdraw for any length of time, property, either real or personal, to any considerable amount from circulation and use by the people by putting it into dead hands, or placing it for indefinite accumulation.   A devise to a corporation is prohibited except in cases where by the law of its creation, or some other law of the State, the particular corporation is authorized to take by devise; and corporations can only take, and hold property to the amounts and for the purposes prescribed by their charter, or acts of incorporation; and to this extent each act of incorporation is a dispensation in favor of the particular corporation, in respect of the prohibitions of the statute against perpetuities.   But for this dispensation which is in effect a repeal *pro tanto* of the statute against perpetuities, grants of property to charities or charitable corporations for their general

purposes, would be incompatible with the statute against perpetuities, for the reason that every such grant implies that it is to be held in perpetuity for the purpose of the grantee, and a sale or transfer would only be justified by special circumstances."

This very clear statement of the law it seems to me, relieves the question under consideration of all reasonable doubt. The chapter 360, of the Laws of 1860, prohibits devises and bequests in trust, beyond the amounts therein stated, presupposing the validity of devises in trust within that limit.

I have reached the conclusion that the Charter of St. Luke's Hospital, empowers it to receive and hold property by devise and bequest, and so far, in the language of Allen, J., above cited, it is a dispensation by the Legislature in effect repealing, *pro tanto*, the statutes against perpetuities; and this conclusion does no violence to the purposes of the statute abolishing uses and trusts, because by the act of 1848, the legislature has rendered it impossible to withdraw for any length of time, property either real or personal, to any considerable amount, from circulation and use, by providing that such corporation shall not receive, by devise or bequest, property where the clear annual income shall exceed $10,000, and in certain cases imposing further restrictions.

It may be said that this conclusion affords a good reason for the construction of section 6, of the Laws of 1848, claimed for it by the contestant's counsel,— that that section was intended to apply to all corporations in this State, whether incorporated before the act of 1848, under that act, or by special legislation;

but it seems to me that a sufficient answer to that objection is, that by the language of the act, it is confined in its effect, to corporations created thereunder, and to enlarge it by construction would amount to unwarrantable judicial legislation.

I am of the opinion that the instrument propounded as the last will and testament of Mary M. Keese, was executed according to the requirements of our statutes, and that she was of sound and disposing mind and memory, and free from undue influence when she so executed it.

I am of the opinion that all its provisions are valid, and that the several corporations named as legatees therein, are empowered to take and hold the money and property therein devised and bequeathed, and that the will should be admitted to probate.