ROBERT R. STEPHENSON and Others, Appellants, *v.* THE ONTARIO ORPHAN ASYLUM, Respondent, Impleaded with SPENCER D. SHORT and Another, Executors, etc.

*Will — bequest to charitable and religious corporation — the will must be made at least two months prior to the testator's death — 1848, chap.* 319, *sec.* 6 — *Void legacies — when they go to the next of kin, and not to the residuary legatee.*

No devise or bequest made under section 6 of chapter 319 of 1848 (authorizing any corporation formed under that act, subject to the exceptions in said section specified, to take, hold or receive any property, real or personal, by virtue of any devise or bequest contained in a last will or testament) is valid, unless it be contained in a will made and executed at least two months before the death of the testator. It is not necessary, in order that the devise or bequest should be invalid, that the testator should have left a wife, child or parent.

When the charter of a religious or charitable corporation subjects it "to all the provisions of law relating to devises and bequests by last will and testament," or "to the provisions of law relating to bequests and devises to religious societies," it is subject to the provisions and restrictions contained in the said sixth section.

A testator, after giving legacies to certain persons and charitable institutions, provided as follows: "I further direct that whatever amount may remain in the hands of my executors after fully carrying out the provisions of this will and defraying the proper expenses of so doing, be paid over to the Home Missionary Society of the Presbyterian Church, hereinafter named." Certain of the bequests having failed, owing to the incapacity of the legatees to take them:

*Held,* that such legacies should go to the next of kin, and not to the residuary legatee.

APPEAL from the decree of the surrogate of Ontario county, judicially settling the accounts of the executors, and construing their testator's will and directing a distribution of the funds in the hands of the executors. The testator left about $9,000. He made a will two days before his death.

*E. A. Nash*, for Robert R. Stephenson *et al.*, appellants.

*E. M. Morse*, for Sibley Stephenson *et al.*

*Man & Parsons*, for Presbyterian Board of Home Missions.

*W. H. Shuart*, for American Baptist Home Mission Society.

*John S. Morgan*, for Baptist Missionary Convention.

*C. A. Richardson*, for Ontario Orphan Asylum.

*Wyncoop & Rice*, for Spencer D. Short and another, executors, etc.

HARDIN, J.:

Principally upon the construction of section 6 of chapter 319 of the Laws of 1848, depends the right of the Ontario Orphan Asylum to uphold the decree awarding it the legacy for $1,000, given in the ninth clause of the testator's will.

*First.* The asylum was incorporated under that act, on the 22d day of July, 1863.

*Second.* Being incorporated under that act, chapter 360 of the Laws of 1860 does not, as to it, sepersede or repeal section 6 of the act of 1848. (3 R. S. [7th ed.], 2288; *Lefevre* v. *Lefevre*, 59 N. Y., 443; *Kerr* v. *Dougherty*, 79 id., 328; *Beekman* v. *The People*, 27 Barb., 304.)

*Third.* It has been conclusively adjudged by the cases, *supra*, that such a devise and bequest in a will made less than two months prior to the death of the testator are void, if the testator left "a wife, or child or parent."

Now, it is insisted, as the testator left no wife, child or parent, that the limitation or restriction does not apply. It was so declared by Calvin, surrogate, in *Lawrence* v. *Elliott* (3 Redf., 240), and by the surrogate whose decision is now before us for review.

Under section 6 of the Laws of 1848, certain corporations, to a limited extent, are made capable of taking a devise or bequest, and then certain persons are authorized to give or devise a limited amount to such corporations.

The court in *Lefevre* v.*Lefevre* (*supra*), said : " The enactment, and the proviso to it, are to be taken and construed together, and the meaning thus got is the true interpretation. Thus considered, the section first gives the capacity to take *any property*, by devise or bequest in *any last will* of *any person*, as general as it can be. Secondly, it limits the generality of the phrase ' any property,' by providing that the devise or bequest shall not exceed, in clear annual income, the sum of $10,000. Thirdly, it limits the generality of the phrase ' any last will,' by saying that it must be that *of a person* not leaving a wife, child or parent ; *or if he does* leave such, that then the last will must devise or bequeath but *one-fourth* part of the estate after the payment of debts. Fourthly, it limits the generality of the phrase '' any person," by saying that it *must be one who has* made his will *more than two months* before his death."

Reading this analysis of the statute, it is difficult to suppose the learned judge who wrote it recognized any such distinction as is contended for by the respondents, though in the case then before the court there was a wife left surviving, still the analysis has some authority as being the interpretation of a statute by a clear judicial intellect, without evolving from it any different rule, when there is no wife, child or parent, than when such survived the testator.

We incline to the opinion that the last limitation or restriction of section 6 applies to both classes, viz., to cases where a wife, child or parent is left, and also to cases where no wife, child or parent survives.

The words, " and no such devise or bequest shall be valid, in *any will* which shall not have been made and executed at least two months before the death of the testator," are so broad and comprehensive, and stand in such connection, that we must give them application to '' any will " which carries a devise or bequest to a corporation made capable of taking by the first part of the section.

We therefore hold the bequest to the Ontario Orphan Asylum void. Chapter 641 of the Laws of 1881 is not applicable to this case, as the testator died November 27, 1878.

Since this opinion was prepared, we have been informed by one of the judges of the Court of Appeals that the question we have been considering was involved in the case of *Catharine H. Marx* v. *Edward McGlynn*, as executor, decided in the first department, and argued in the Court of Appeals March 3, 1882, and decided by that court March 21, 1882, and that the construction we have placed upon the statute was given by both courts in that case.

II. We are satisfied with the conclusion of the surrogate in regard to the intent of the testator as to the corporations allowed to take by the decree.

III. The Board of Home Missions of the Presbyterian Church has a provision in its charter (chapter 287 of 1872), in section 5, subjecting it to all the provisions of law relating to devises and bequests by last will and testament, and it is therefore brought under the rule we have stated as to the orphan asylum. Those words were held, it is true by a divided court, in *Kerr* v. *Dougherty* (79 N. Y., 327), sufficient to subject the corporation to the restrictions and limitations in section 6 of the act of 1848. We must follow the majority, and the decision rendered by the court.

It was the intent of the legislature to subject it to such restraint, and therefore it was done by the words used, as they may reasonably receive such a construction. (*People* v. *Utica Ins. Co.*, 15 Johns., 381.)

The Baptist Missionary Convention of the State of New York, by chapter 41 of the Laws of 1862, was continued and authorized to take property, "subject to the *provisions* of law relating to bequests and devises to religious societies," and thereby brought within the provisions of law found in section 6 of the act of 1848. (*Kerr* v. *Dougherty, supra.*)

The general policy of the law-making power in respect to restrictions "*in any will*," was applied to that corporation, as it has been in terms specifically as well as generally applied. (See opinion of FOLGER, J., in *Lefevre* v. *Lefevre, supra.*)

Legacies having failed because not valid, a fund remains not embraced nor intended to be embraced in the residuary clause of the testator's will, and therefore it must pass to the next of kin, and not under the residuary clause.

The words of the residuary clause are : "I direct that whatever

amount may *remain* in the hands of my executors, after fully carrying out the provisions of this will and defraying the proper expenses of so doing, be paid over  *  *  *  etc.," — and they evince a clear intent to give only such residuum as would remain if all the legatees were paid.

A different residuum is created from the one the testator contemplated by our holding some of the legacies void, and that residuum must pass to the next of kin, by the rule now well established by the adjudications. (*Lefevre* v. *Lefevre, supra ; Kerr* v. *Dougherty, supra ; Betts* v. *Betts*, 4 Abb. N. C., 317 ; *Iseman* v. *Myers*, 26 Hun, 651.)

We must reverse the decree of the surrogate of Ontario county, with costs of these appeals of the next of kin, payable to the appellants out of the fund, and remit the proceedings with instructions to pronounce another decree in accordance with this opinion.

HAIGHT, J., concurred ; SMITH, P. J., not voting, being a trustee of the Ontario Orphan Asylum.

Decree of the surrogate of Ontario county reversed, with costs of this appeal to the appellants appearing by Mr. Nash and appellants represented by Mr. Morse, payable out of the fund, and proceedings remitted to the surrogate, with instructions to pronounce further decree in accordance with the decisions of this court.