Judgment affirmed.

---

JAMES SWEENY AND OTHERS, PLAINTIFFS, _v._ PHEBE J. WARREN AND OTHERS, DEFENDANTS.

_Powers of sale in a will — when not inconsistent with its other provisions._

The will of John Sweeny contained the following clause: "I also desire and authorize my executors to sell and convey all that part of block F on the Niagara river, \* \* \* and it is my desire that the said land be sold in a body for commercial purposes."

After making a devise of the remaining part of block F to certain persons, and other gifts, the will, in its concluding clause, was as follows: "And I authorize and direct my executors to sell and convey the strip of land heretofore mentioned and described as lying on the Niagara river, and also that piece of land lying on Sweeny street, and on the Tonawanda creek, east of the building known as the shoe-shop, for the purpose of discharging all my debts."

_Held_, that the direction or authorization made by the testator to the executors to convey the property for commercial purposes was not inconsistent or in any respect irreconcilable with the later provisions of the will.

That the intention of the testator was that the executors might sell these premises, recommending them to look towards commercial uses for a successful market

therefor, and that if they should not turn out to be available for such purposes, then to sell them for the payment of debts, if necessary.

That a sale made by the executors to the widow of the testator, who knew that the personal estate of the testator was sufficient to pay all its debts, by a deed which contained no limitations as to the use of the property for commercial purposes, was valid.

APPLICATION for judgment upon a verdict directed for the defendants at the Niagara Circuit, September, 1888, subject to the opinion of the court at General Term.

*Sherman S. Rogers*, for the plaintiffs.

*E. C. Sprague*, for the defendants.

MACOMBER, J. :

This action is ejectment to recover the possession of a part of block F in Tonawanda, Niagara county. The question in it arises under the will of John Sweeny, the material portions of which, so far as they relate to this action, are as follows : " I also desire and authorize my executors to sell and convey all of that part of block F on the Niagara river, running back from said river to a continuation of the west line (to the north) of a projected canal, as laid down on a map made by Augustus Canfield, on lot or block G, being nearly on a parallel line with the Niagara river, and it is my desire that the said lands shall be sold in a body for commercial purposes."

After making a devise of the remaining part of block F to certain persons, and other gifts, the will, in its concluding clause, is as follows : " And I authorize and direct my executors to sell and convey the strip of land heretofore mentioned and described as lying on the Niagara river, and also that piece of land on Sweeny street, and on the Tonawanda creek, east of the building known as the shoe-shop, for the purpose of discharging all my debts."

The defendants claim title to the land in question under a deed executed by Warren Bryant, as surviving executor of the last will and testament of John Sweeny, while the plaintiff claims title as heirs-at-law, or the grantees of the heirs-at-law, of John Sweeny. There was no direction for the application of the personal property to the payment of debts, and no other disposition made of it by the will. But such personalty was abundantly sufficient to pay all the indebtedness which the testator owed, and was actually applied to that

purpose. It is now contended by the counsel for the plaintiffs that the last clause of the will, above mentioned, limited the right to sell this land for the payment of debts only, and should prevail over the previous portions of the will; and that, inasmuch as the widow of the testator was the purchaser from Bryant, the surviving executor, having knowledge of the condition of the estate, she is not, nor are her grantees or heirs-at-law, in position to claim any equities other than those which may attach by the terms of the will themselves.

The question before us is one of testamentary intention. The true construction of this instrument does not, in our judgment, lead to the inference or conclusion that there is disclosed in it an irreconcilable conflict of purpose in the mind of the testator. The direction or authorization made by the testator to the executors to convey the property for commercial purposes is not inconsistent in any respect or irreconcilable with the later provisions of the will. It is only when the subsequent provisions are not reconcilable, and where repugnancy between the several provisions distinctly appears, that the rule giving effect only to the latter provisions prevails.

The true rule is stated in the case of *Roseboom* v. *Roseboom* (81 N. Y., 356), where the court says: "We thus follow the rule which requires a will to be so construed as to avoid, if possible, all repugnancy and give effect to all its language. We have no occasion to depart from it; the two clauses are not irreconcilable, and there is no occasion, therefore, to reject one in order to uphold the other — a desperate remedy and to be resorted to only in case of necessity — so that one rather than both provisions should fail." (See, also, *Clarke.* v *Leupp*, 88 N. Y., 228 ; *Van Vechten* v. *Keator*, 63 id., 52; *Van Nostrand* v. *Moore*, 52 id., 12.)

Reading the several provisions of the will together, the plain construction of them is that the testator desired to, and did, actually give his executors power to sell the portion of land in question absolutely. The expression in the clause quoted, that it should be conveyed for commercial purposes, is not a limitation upon the power of the executors to convey, nor a limitation upon the use to which the land should subsequently be put. It constitutes no more than a mere expression on the part of the testator that he believed the strip of land to be peculiarly adapted to commercial purposes,

which was pre-eminently true; and this was undoubtedly a prevailing reason in his mind which induced him to give the power to his executors to convey it.

The subsequent clause giving the executors power to convey for the purposes of paying debts is clearly reconcilable with the foregoing views, for the moneys received upon the sale, if required, would undoubtedly be appropriated to that purpose. There appears to be no limitation expressed in the latter clause of the will of the power and the right of the executors absolutely to convey these lands in accordance with the precedent clauses. In short, the intention of the testator, as disclosed by his will, appears to be that the executors might sell these premises, recommending them to look towards commercial uses for a successful market therefor; and if they should not turn out to be available for such purposes, then to sell them for the payment of debts, if necessary.

Such being the case, the decision of the learned judge at the circuit was correct, and judgment should be ordered for the defendants upon the verdict, with costs.

BARKER, P. J., and DWIGHT, J., concurred.

Motion granted; judgment ordered for the defendants on the verdict.