## WILLIAM D. PAISLEY *vs.* J. HENRY HOLZSHU.

*Ejectment by Purchaser of Debtor's Equitable Interest in Land— Conversion.*

A grantor conveyed certain property to his three sons, to hold the same in trust for himself during life, with power after his death to divide the same among said children and other persons according to certain directions. In order to accomplish the purpose of the deed a conversion of the realty thereby conveyed was necessary. A judgment creditor of one of the grantor's sons and beneficiaries issued an execution under which his interest in certain land conveyed by the deed was sold to the plaintiff. Before this execution sale, and after the death of the grantor, the trustees, acting under a power in the deed, sold the same land to the defendant. In an action of ejectment, *held*, that the judgment debtor's interest in the land was only equitable which could not support an action of ejectment, and also that the land had been converted into money under the provisions of the deed of trust.

Appeal from the Circuit Court for Allegany County, where the case was tried upon an agreed statement of facts. The trial Court ruled that upon the pleadings and evidence the plaintiff was not entitled to recover.

The cause was submitted upon briefs filed by *James A. McHenry* and *William E. Walsh* for the appellant, and *Benjamin A. Richmond* and *D. James Blackiston* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This is an action of ejectment brought by the appellant against the appellee for an interest in a lot of ground in Cumberland. The appellant claims under a sheriff's sale ; and the appellee under a sale by trustees acting under the authority contained in a deed executed by James Gunning, who was seized of the fee-simple estate therein as hereinafter stated. The case was tried before the lower Court on an agreed statement of facts, without the aid of a jury.

The facts are substantially as follows : (1). On January 18th, 1883, Joseph M. Gunning confessed judgment in favor of Stevenson & Slingluff for the sum of $212.03, interest and costs ; that said judgment is a valid claim against the estate of Joseph M. Gunning, and is wholly unpaid. (2). That on the 21st of February, 1890, James Gunning executed a deed of trust conveying personal and real property to his three sons, John B., James H. and the said Joseph M. Gunning, who accepted said trust, and at once entered upon the discharge of the duties as such trustees, and are (except said Joseph M., who has since died), still acting as trustees under said deed. (3). That on February 21st, 1893, Stevenson & Slingluff caused a writ of *fieri facias* to be issued on their said judgment, by virtue of which the sheriff of Allegany County levied upon the interest of said Joseph M. in the real estate conveyed by said deed of trust and described in the declaration filed in this cause ; the said Joseph M., however, moved the Court to quash said levy, which the Court refused to do. (4). On the 15th of May, 1893, the said Joseph M. filed his bill of complaint in the lower Court as a Court of Equity, asking an injunction to restrain said judgment creditors and the sheriff from proceeding further under said execution, and at the hearing of said bill the same was dismissed. (5). That James Gunning, the grantor in said deed of trust, died on February 28th, 1893. (6). On the 18th of August, 1893, said judgment creditors caused an attachment by way

of execution to issue out of said Court, and to be laid in the hands of said trustees, for the purpose of attaching all the rights and credits of the said Joseph M. in their hands.   (7). On September 13th, 1893, said judgment creditors caused a second writ of *fieri facias* to be issued on their judgment and levied upon the interest of said Joseph M. in the real estate conveyed by said deed, and which is situate in said county, and on January 27th, 1894, the sheriff sold the same at public sale, under and by virtue of said two several writs of *fieri facias*, to William D. Paisley, the appellant, and conveyed the same to him by deed duly executed and recorded. (8). On November 22nd, 1893, said trustees sold all said James Gunning's real estate, including the property sued for in this case, under the power in said deed of trust, to several persons, among them the appellee, who became purchaser of the parcel now sued for ; that he took possession thereof, and is still in possession, and said sales were reported to and duly ratified by the Court, said Stevenson & Slingluff and the appellant not being parties to said cause wherein said proceedings were had.   (9). That on January 27th, 1894, said appellant demanded of the appellee possession of the interest of said Joseph M. Gunning in that part of said real estate sold him by said trustees, possession of which the appellee had previously taken, and the appellee refused to deliver up possession thereof, whereupon the appellant applied to the lower Court in Equity for the writ of *habere facias*, to which application the appellee filed his answer, and the Court, on June 4th, 1894, refused said writ.   (10). That on June 29th, 1894, the appellant began this action against the appellee for the recovery of said interest in said real estate, and on September 20th, 1894, the appellee filed his bill of complaint in the Court below in Equity to enjoin the appellant from proceeding with said action, which bill is still pending.

The deed from James Gunning to his three sons, to which reference has been made, was before this Court in *Byrne* v. *Gunning*, 75 Md. 30, and in that case will be found a full

statement of its contents, at least, in so far as will be necessary for the purpose of this case, so that we will not encumber this opinion with a statement of its contents.    It is a very lengthy, involved and obscure paper, and as correctly observed by one of the learned counsel in his brief, " It partakes more of the nature of a will than a deed," in which the grantor says " He is desirous of settling up and disposing of his property during his lifetime."    Yet he adopted a plan by which he has rendered it almost impossible to accomplish his asserted purpose.

There is but one question which we consider important to be decided on this appeal, and that is, did Joseph M. Gunning take such an interest or estate in virtue of the provisions of the deed from James Gunning to said Joseph and his two brothers, as could be seized and sold on execution ? The case in *75 Md.*, *supra*, was a bill in equity filed by James Gunning, the grantor, seeking to set aside said deed, on the ground that the deed did not conform to the directions given by the grantor for the drafting of it, and that it was executed by him in its present form, wholly by mistake.    This Court in the opinion delivered by Mr. JUSTICE BRYAN, had occasion to carefully examine the various provisions of the deed, especially with respect to the estate the grantee held therein, from the date of the deed to the time of his death.    Whilst it is true, as JUDGE BRYAN states, " The language in which the trust is described is a good deal involved, and somewhat obscure, and the punctuation in some instances adds to the obscurity," the general intention, however, appears to be plain enough.    The grantor wished to have the benefit of his property for life, and after his death, he wished it to be *divided* among his children, and his grandchildren, who were the children of a deceased son.    Further on he says, " As we have seen that James Gunning has the right, under the deed, to occupy the real estate during his life, and is required to pay all taxes, and assessments, and to keep down all encumbrances upon it, and is entitled to the net profits, *he holds the legal estate*

*therein.*" It is very clear, then, that the judgment creditors took nothing by their first execution and levy, and their second was, we think, equally unavailing, as hereinafter indicated. The first levy was made prior to the death of the grantor in said deed, and the second subsequently thereto. As heretofore stated, the surviving trustees acting under the power contained in said deed (Joseph M. Gunning having previously died), sold on November 22nd, 1893, all of the real estate of the grantor (including the property sued for in this case), to several persons, among whom was the appellee.

It was clearly the object of the grantor to convey by said deed his property and estate to his three sons, *in trust* for his own use and benefit during his natural life, and then, in order to effectuate his other purposes, he adjusts the interests of his various children, and of other beneficiaries according to his own wishes. He provides that after his death his said trustees "shall have full power to sell, convey, dispose of all things therein (by said deed) conveyed" to them, and he empowers them to *divide* the same in accordance with the terms of said deed. The deed also provides for deducting certain advancements and names the parties to whom advancements have been made, and the amounts of such advancements are specifically stated therein. He also mentions the payment of certain gifts, and then directs that the balance remaining shall be *divided* into seven equal shares. To execute his wishes, and accomplish his poorly expressed purposes as contained in said deed, would be a legal impossibility without a conversion.

The power of sale in this case became operative upon the happening *eo instanti*, of the death of the grantor. The general rule as to when a power of sale shall take effect does not apply here, because by the terms of the deed, as declared by this Court in *75 Md.*, *supra*, it is postponed to the death of the grantor. MR. POMEROY, in his work on *Equitable Jurisprudence*, 3 vol., sec. 1160, in considering what words are sufficient to effect a conversion, says, "It

is not essential, however, that the direction should be *express*, in order to be imperative ; it may be necessarily implied. When a power to convert is given without words of command, so that there is an appearance of discretion, if the trusts or limitations are of a description exclusively applicable to one species of property, this circumstance is sufficient to outweigh the appearance of an option, and to render the whole imperative. Thus if a power is given to lay out money in land, but the limitations expressed are applicable only to land, this will show an intention that the money should be so laid out, and will amount to an imperative direction to convert, for otherwise the terms of the instrument could not be carried into effect. In fact, the whole result depends upon the intention. If by express language or by a reasonable construction of all its terms, the instrument shows an intention that the original form of the property shall be changed, then a conversion necessarily takes place." *Smithers* v. *Hooper*, 23 Md. 273 ; *Hurtt* v. *Fisher*, 1 H. & G. 88 ; *Rieff* v. *Strite*, 54 Md. 301; *Church, &c.*, v. *Smith*, 56 Md. 362 ; *Thomas* v. *Wood*, 1 Md. Ch. 298 ; *Earlom* v. *Saunders*, Amb. 241 ; *Johnson* v. *Arnold*, 1 Ves. Sr. 169 ; *Hereford* v. *Ravenhill*, 5 Beav. 51 ; *Cowley* v. *Hartstonge*, 1 Dow. 361.

Whenever trustees are clothed with a discretion, and exercise it, and thus actually make a conversion, as was done in this case, the property will in general pass in the nature and form to which they have converted it. *Bourne* v. *Bourne*, 2 Hare, 35 ; *In re Ibbittson's Estate*, L. R. 7 Eq. 226 ; *Rich* v. *Whitfield*, L. R. 2 Eq. 583 ; *Lawrence* v. *Elliott*, 3 Redf. 235 ; *Van Vechten* v. *Keator*, 63 N. Y. 52 ; *White* v. *Howard*, 46 N. Y. 144.

From the views which we entertain on the subject of conversion, *vel non* in this case, it is wholly unnecessary to discuss the many questions and distinctions which have been made in the briefs of counsel ; the case having been submitted without oral argument. But independently of the views expressed, we are very clearly of opinion that the

appellant is not entitled to recover in this form of action, and the instruction offered by the appellee was very properly granted. The estate which the said Joseph H. Gunning took under the terms of his father's deed, the possession of which is now sought to be obtained, is simply an equitable interest, which cannot be made to support an action of ejectment. It follows, then, from what we have said, that the Court below committed no error in granting the appellee's instructions, and the judgment below must be affirmed.

*Judgment affirmed with costs.*

(Decided May 8th, 1896).