## CHARLES E. READ *v.* MARYLAND GENERAL HOSPITAL et al.

[No. 41, April Term, 1929.]

*Decided June 25th, 1929.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Warren N. Arnold* and *William F. Podlich,* for the appellant.

*Edwin T. Dickerson* and *Parlett Brenton,* with whom was *Harry L. Price* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

The plaintiff filed his bill of complaint for the construction of the will of Florence M. Tucker, deceased, to which all of the defendants demurred, and it is from the order sustaining all of the demurrers that this appeal is taken.

By her last will and testament, admitted to probate and of record in the Orphans' Court of Baltimore City, Florence M.

Tucker left one-third of her estate to Elmer J. Jones, in trust for her husband, Joseph E. Tucker, for the term of his natural life, with remainder to her niece, Lydia Cecelia Hoddinott, absolutely. She gave one-third of her estate to her said niece absolutely. The remaining third, after the payment of debts, costs of administration, etc., and certain legacies of which there was one of five hundred dollars to her nephew, Charles E. Read, the appellant, Mrs. Tucker gave, devised and bequeathed to "Elmer J. Jones in trust and confidence, nevertheless, for the following uses and trust purposes, to pay the proceeds derived therefrom in equal proportions unto the Maryland General Hospital, Linden Avenue and Madison Street, Baltimore, Maryland; Strawbridge Home for Boys, located at Eldersburg, Maryland; Kelso Home for Girls, located at Towson, Maryland, and the Home for the Aged of the Methodist Episcopal Church, located at Fulton Avenue and Franklin Street, Baltimore, Maryland, so long as the same shall continue under the supervision of the Baltimore Conference of the Methodist Episcopal Church, and in the event of any change from the Conference Control, then the payments shall cease and become part of the rest and residue" of the estate. All the "rest, residue and remainder" of the estate she gave and bequeathed to her niece, Lydia Cecelia Hoddinott, absolutely.

Joseph E. Tucker, husband of the testatrix, filed a renunciation of the bequest in trust for him, and elected to take in lieu thereof the share of the estate to which he would be entitled by law. The executor, Elmer J. Jones, was authorized and empowered to sell all the real estate except a cemetery lot, and make distribution of the proceeds in conformity with the provisions of the will.

The bill alleges that, by reason of the renunciation of Joseph E. Tucker, he is entitled to one-half of the decedent's estate, and the question has therefore arisen as to what effect the filing of the renunciation has on the plaintiff's interest in the estate, and the bill further charges that the trusts for the benefit of the Maryland General Hospital, Strawbridge Home for Boys, Kelso Home for Girls, and the Home for

the Aged are void "for the reason that the said trusts are absolutely indefinite in duration and they clearly violate the established rule against perpetuities." Demurrers were filed by Elmer J. Jones, executor and trustee, and each of the four corporations named as *cestuis que trustent,* the grounds of demurrer being: (1) That the plaintiff has no interest in any of the matters complained of; (2) that the gifts in trust for the benefit of the said *cestuis que trustent* are not in violation of the rule against perpetuities and are valid; (3) that the plaintiff has not stated such a case as entitles him to relief in equity.

The first ground of demurrer, namely, that the appellant has no interest in the matters complained of, must be sustained, and is in itself a sufficient reason to affirm the decree of the chancellor. If it appears on the face of the bill that the plaintiff has no interest in the subject matter of his suit, the question may be decided on demurrer. *Miller's Equity Proc.,* sec. 98; *Talbolt v. Compher,* 136 Md. 95, 102; *Eureka Life Ins. Co. v. Geis,* 121 Md. 196, 201. In *Stake v. Mobley,* 102 Md. 408, the case was submitted on an agreed statement of facts, and the decision was that the appellant had no interest in the subject matter of the suit.

But the appellant contends that he has such an interest as entitles him to file his bill, because the trusts created for the benefit of the four named charitable corporations are in violation of the rule against perpetuities, and therefore void, and the corpus of the charitable trusts would go to the heirs at law of the testatrix, he being one of them, and not to the residuary legatee, Mrs. Hoddinott. This contention brings up the question as to whether there has been a conversion of the real estate of the testatrix into personalty. The first provision of the will is: "First: I hereby authorize and empower my executor hereinafter named to sell all my real estate, either at public or private sale, in parcels, lots, or in its entirety, except that portion known as the cemetery lot in the rear of my home, which is to be kept intact forever, as in his discretion he may deem proper for the best interest of my estate, and make distribution of the proceeds derived

therefrom in conformity with the following paragraphs of this, my last will and testament."

Where the testatrix manifests a clear intention that her property shall be converted into money (*Boyce v. Kelso Home,* 107 Md. 190), or with a power of sale in the executor, it is necessary to sell in order to make distribution, the property is generally treated as converted from the death of the testatrix, unless there is a provision in the will postponing the time of conversion. *Stake v. Mobley,* 102 Md. 408; *Talbott v. Compher,* 136 Md. 95; *Pailsey v. Holzshu,* 83 Md. 325; *Pomeroy's Equity Jur.,* sec. 1160; *Miller, Construction of Wills,* 970, 976. The appellant contends that, inasmuch as the sale provision of the will "authorizes and empowers" the executor to sell, the matter of sale is a power to be exercised in the discretion of the executor and is not a direction of the testatrix to the executor to sell, and therefore there was no conversion of real into personal property, and under the decisions in *Orrick v. Boehm,* 49 Md. 72, and *Rizer v. Perry,* 58 Md. 112, the corpus of the trusts goes to the heirs at law of the testatrix in the absence of an effective residuary clause. *Stickney's Will,* 85 Md. 79.

It is only necessary to refer to the case of *Stake v. Mobley, supra,* where this court decided that, under the terms of the will there being construed, the estate had been converted into personalty from the death of the testator. The will in that case provided, after the payment of debts and funeral expenses and a legacy to a grandchild, the estate should be divided share and share alike amongst the children, the executors to have "full power to sell all property" of which the testator died possessed. In the instant case the testatrix went much further than in the *Stake v. Mobley* case, and after the authority and power to the executor to sell, with discretion to the executor as to the manner of sale, and not a discretion as to whether he shall sell at all, as the appellant suggests, the executor is then directed to "make distribution of the proceeds derived therefrom in conformity with the following paragraphs of this, my last will and testament."

In our opinion all the property of Florence M. Tucker ex-

cept the cemetery lot from the time of her death is personal property, and if any of her bequests or legacies are void they go to her residuary legatee, Mrs. Hoddinott, and not to the heirs of the testatrix. *Miller on Construction of Wills*, 422. As Mrs. Hoddinott is not a party to the suit, and as she is the only one interested in case the charitable trusts created by the will should be attacked, we express no opinion as to their validity. The appellant having no interest in the property left in trust for the charitable corporations, the question of their validity is not before us.

This brings us to the only other question, and that is the effect on the legacies of the renunciation of Joseph E. Tucker's share under his wife's will. The renunciation changes the interest of the surviving husband from a life estate in one-third of the gross amount of the estate to "one-half of the lands and one-half of the surplus personal estate." Code, art. 93, sec. 311. The action of Joseph E. Tucker means that so far as he is concerned his wife died intestate(*Pacholder v. Rosenheim*, 129 Md. 455, 458-9), and he will therefore be entitled to one-half of the real estate of the decedent (in this case one-half of the proceeds of sale of the real estate), and one-half of the personal property less the deduction from the personal property of one-half of the costs of administration, funeral expenses, and debts. As one-third of the gross estate was left to the niece, Lydia Ceclia Hoddinott, absolutely, her share will be reduced to one-fourth of the gross estate. The remaining fourth (originally one-third) after the payment of debts, funeral expenses, one-half the costs of administration, cost of erecting tombstones at the grave of the testatrix and certain improvements of the cemetery lot, the payment of five hundred dollars to a niece, Amy Ruth Gleason, five hundred dollars to the appellant, one hundred dollars to a cousin, Mollie Read, and three hundred dollars to a friend, Annie D. Smiley, will go to Elmer J. Jones, trustee. It will, therefore, be seen that in our opinion the bequest to the appellant will not be affected by the renunciation of Joseph E. Tucker, and that we are thus giving effect, so far as we can, to the intention of the testatrix.

Another contention made by the appellees was that, under the forfeiture clause of the will, the appellant's bequest would become void and go to the residuary legatee, by reason of his challenge of one of the provisions of the will. That is a matter which must arise, if at all, when distribution is made in the orphans' court, and its consideration would be premature at this time.

Being of the opinion, therefore, that the appellant has no interest in this litigation, the decree of the chancellor will be affirmed.

*Decree affirmed, with costs to the appellees.*