## MARYLAND NATUROPATHIC ASSOCIATION
### Inc. *v.* KLOMAN ET AL.

[No. 33, October Term, 1948.]

628

*Decided December 9, 1948.*

The cause was argued before DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Maurice Braverman* for the appellant.

*Hall Hammond, Attorney General,* with whom was *J. Edgar Harvey, Deputy Attorney General,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This suit in equity was brought by Maryland Naturopathic Association, Inc., against Dr. E. H. Kloman and seven other physicians constituting the Maryland State Board of Medical Examiners to obtain an injunction and a declaratory decree declaring that the system of healing known as naturopathy is not included in the practice of medicine as regulated by the State Medical Practice Act. Code 1939, Code Supp. 1947, art. 43, §§ 116-144.

Naturopathy, according to the bill of complaint, is a system of healing which does not use drugs or surgery to

cure disease, but instead makes use of the healing properties of such natural agencies as air, sunshine, water, light, heat, electricity, exercise, rest, massage, health foods, vitamins, minerals, special food preparations, herbs, external applications, baths, sweats, and irrigations, in conjunction with the application of the scientific principles of mental hygiene, health education, physical culture, maniplation, corrective gymnastics, dietetics, hygiene and sanitation.

The bill alleges that defendants are required by law to license qualified persons to practice medicine and surgery in this State, and one of the defendants, Dr. Lewis P. Gundry, secretary of the State Board of Medical Examiners, is charged with the duty to inquire into all violations of the Medical Practice Act and to institute all proceedings or prosecutions for the unlawful practice of medicine or surgery; that the Attorney General of Maryland has rendered an opinion that naturopathy is not recognized by the laws of this State and that any persons attempting to practice it are violating the law; and that the members of the Board of Medical Examiners are preparing to prosecute naturopathic physicians for unlawful practice of medicine.

The bill prays for the following relief: (1) that defendants be enjoined from interfering with the right of naturopathic physicians to practice their profession; (2) that defendants be enjoined from instituting any criminal proceedings against naturopathic physicians charging unlawful practice of medicine; (3) that the Court declare that naturopathy is a separate and distinct branch of the healing arts and sciences and not included in the practice of medicine; and (4) that the Court declare that naturopathic physicians be allowed to use the title of "naturopathic physician." From a decree of the chancellor sustaining a demurrer filed by defendants and dismissing the bill, complainant brought this appeal.

The Uniform Declaratory Judgments Act expressly provides that any person whose rights, status or other legal relations are affected by a statute may have deter-

mined any question of construction or validity arising under the statute, and obtain a declaration of rights, status or other legal relations thereunder. Laws of 1939, ch. 294; Laws of 1945, ch. 724; Code Supp. 1947, art. 31A sec. 2. We are confronted at the outset with the question whether the Naturopathic Association has any rights, status or other legal relations affected by the statute. The Association alleges that it is incorporated under the laws of the State of Maryland for the protection and encouragement of the interests of naturopaths, and that the members of the Association are engaged in the practice of naturopathy. It is an elementary rule that in order to entitle a party to maintain a bill in equity, he must show an interest in the subject matter of the suit or a right to the thing demanded. If the interest or right is not shown on the face of the bill, the bill is demurrable. *Rowe v. Rowe*, 154 Md. 599, 141 A. 334; *Read v. Maryland General Hospital*, 157 Md. 565, 146 A. 742; *Bosley v. Dorsey*, 191 Md. 229, 60 A. 2d 691. We have held, for example, that the subject matter of a divorce suit is the marital relation of the complainant and defendant, and although a co-respondent's reputation may be grievously injured by a charge in the bill, either as a result of the evidence or the finding of the chancellor, nevertheless the injury is not the result of the decree itself and hence the co-respondent has no direct interest in the question whether the marital relation should be severed. *Lickle v. Boone*, 187 Md. 579, 51 A. 2d 162.

The Naturopathic Association cannot itself practice naturopathy. It has no property interest which may be affected by any of the alleged acts of defendants, and accordingly it has no right to enter this suit against them. The Association does not seek any relief for itself. It cannot complain of any action which does not affect it, but affects individuals, even though those individuals compose its membership. Thus, in *Dvorine v. Castelberg Jewelry Corporation*, 170 Md. 661, 668, 185 A. 562, where the State Board of Examiners in Optometry and also the Maryland Association of Optometrists brought suit for

injunction against the jewelry corporation, this Court said that, while the question of the propriety of joining the various parties was not raised in the lower Court, it was apparent that the Maryland Association had no right to bring suit. *The requirements for a justiciable controversy are no less strict in a declaratory judgment suit than in any other type of proceeding. Generally there is no difference in the rule as to necessary parties between a declaratory judgment proceeding and any other proceeding in personam.* Staley v. Safe Deposit & Trust Co. of Baltimore, 189 Md. 447, 56 A. 2d 144.

Moreover, we hold that there was a non-joinder because the Police Commissioner and the State's Attorney of Baltimore City were not made parties defendant. Section 140 of the Medical Practice Act makes it the duty of the Police Commissioner of Baltimore City and the Sheriff of each County in the State to see that all practicing physicians in the State are legally registered, and to report to the State's Attorney of the City or County all cases of violation of the provisions of the Act. Section 141 makes it the duty of the Secretary of the Board of Medical Examiners to inquire into all violations of law under the Act and to institute all proceedings or prosecutions thereof. By construing the two sections together, we think it is clear that an officer of the Baltimore City Police Department has the right to arrest a person practicing medicine without a license, and that the State's Attorney of Baltimore City has the right to present the case to the grand jury, and to prosecute the accused, even though he has received no request to prosecute from the Secretary of the Board of Medical Examiners. The Act expressly commands the Police Commissioner to report all violations of the Act to the State's Attorney. We do not believe the Legislature intended to debar the State's Attorney from prosecuting any violator of the law without a request from the Secretary of the Board of Medical Examiners.

As the bill of complaint is demurrable for the reasons we have stated, we deem it unnecessary to discuss any

other phases of the case. We hold that the chancellor acted correctly in sustaining the demurrer and dismissing the bill.

*Decree affirmed, with costs.*