1824.

Harding
vs
Stevenson

stantially so. It covers every possible loss which *Smith* can sustain.

RULE REFUSED.

JUNE.

## HARDING vs. STEVENSON.

A transfer of property by a debtor to a creditor, with a view, or under the expectation of becoming an insolvent debtor, is made void by the act of 1812, ch. 77, s. 1, only for the purpose of vesting the property in the trustee of such debtor for the benefit of his general creditors.

Money, specific pieces of coin, which are tangible, may be taken in execution, the actual possession and ownership being in the defendant; but money in the hands of a sheriff cannot be taken by him under a *fieri facias* against the person who is entitled to receive it. Though in such case, if the sheriff brings the money into court, he will be directed to pay it to the creditor, whose execution is in his hands against the property of him for whom it was levied.

A mere *chose in action* is not subject to execution.

An execution cannot be levied on the lien a judgment creditor has upon the lands of his debtor. So, though a *fieri facias*, from the time it is placed in the hands of the sheriff, binds the personal property of a debtor, yet an execution on a judgment against his creditor, cannot be levied upon the property so bound.

Where property had been consigned to A, who had acquired a lien only as consignee and pawnee, an execution sued out against him, cannot be legally levied on such property.

APPEAL from *Baltimore* county court. This was an action on the case against a sheriff for a false return. The case was this:—At March term 1818, of *Baltimore* county court, the plaintiff, *Harding*, recovered judgment against a certain *Hugh Boyle*, for the sum of $3000, with interest from the 23d of July 1816, and costs; which was affirmed at June term 1819, in the court of appeals, with stay of execution until the 15th of December in same year. On the 16th of December 1819, a writ of *fieri facias* issued on this judgment, and on 20th of same month was placed in the hands of the defendant, (now appellee,) then sheriff of *Baltimore* county. *Boyle* was in possession and proprietor of 367 hogsheads of molasses, which arrived in *Baltimore* on the 16th of December 1819 from *Havanna*, and *Boyle* arrived on the same day from the same place. On the 17th of December 1819, *Boyle*, by deed, conveyed all his interest in said 367 hogsheads of molasses, to a certain *David Winchester*, reciting in that deed, that "whereas there were shipped at *Havanna*, in the island of *Cuba*, by Messrs. *Gray*, *Fernandis* & *Brother*, of that place, merchants, on board the ship *Mohawk*, now lying at the port of *Baltimore*, 367 hogsheads of molasses, consigned to the said *Hugh Boyle*; and whereas the said *Hugh Boyle* advanced, at the island of *Cuba* aforesaid, on account of the purchase of the said cargo of molasses, or for account of the said *Gray*, *Fernandis* and *Brother*, the sum of $7886, to be reimbursed and paid to him out of the sales of the said molasses, over and above the regular and usual commission upon such sales." The deed then, in consideration of $7886, transfers to *Winchester* the 367 hogsheads of molasses, in trust, to sell the same, and out of the proceeds of the sale to retain his commissions, and the said sum of $7886, with interest, and the surplus, to pay over to *Gray*, *Fernandis* & *Brother*, &c. The interest of *Boyle* in the molasses was truly

stated in the deed, and the molasses was delivered in pursuance thereof. At the time of making the deed, *Boyle* contemplated being and becoming an insolvent debtor, and made the deed with the view and under the expectation of being and becoming an insolvent debtor. The molasses did not sell for the amount of *Boyle's* advances. On the 20th of December 1819, the molasses was shown to the defendant, who levied the aforesaid writ of *fieri facias* on 100 hogsheads thereof, but the same being claimed by *Winchester* under said deed, the defendant made return of *nulla bona* on said writ to the court of appeals. *Boyle*, on the 31st of December 1819, applied for the benefit of the insolvent laws, and obtained a final release. The value of the whole quantity of molasses, free from charges, was $4000, and of the 100 hogsheads levied on, was $2000. A judgment *pro forma* was entered for the defendant, and the plaintiff prosecuted the present appeal.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN, and STEPHEN, J.

*R. Johnson* and *Glenn,* for the Appellant, contended, 1. That the transfer from *Boyle* to *Winchester* was fraudulent, and void in law, against the creditors of *Boyle*, and that the whole of the molasses so transferred was liable to be taken under the *fieri facias.*

2. That the return of *nulla bona* on the *fieri facias* was a false return as to the whole of said molasses, or as to the 100 hogsheads levied on.

3. That *Boyle* had such an interest in the said property as was liable to execution.

To show that *Boyle's* interest was liable to execution, they cited 3 *Coke,* 12. *Comb.* 356. *Turner vs. Fendall,* 1 *Cranch,* 133, 134. *Handy vs. Dobbins,* 12 *Johns. Rep.* 220. That *Boyle* had a legal estate, being mortgagee in possession. That the deed was void under our insolvent laws, they referred to the acts of assembly of 1805, *ch.* 110, *s.* 9; 1807, *ch.* 55; and 1812, *ch.* 77. *Bowyer vs. Bampton,* 2 *Stra.* 1155. *Low vs. Waller, Doug.* 726. *Doe vs. Gooch,* 3 *Barnw. & Ald.* 664. That a gift made to deceive one creditor was void as to all. *Gooche's* case, 5 *Coke,* 60. *Moor,* 615. That the deed being void, the plaintiff's execution was a lien, and the trustee took, subject to

1824.
Harding
vs
Stevenson

1824.

Harding
vs
Stevenson

this lien. *Taylor vs. Wheeler*, 2 *Vern.* 564. *Hinton vs. Hinton*, 2 *Ves.* 633. *Brown vs. Heathcote*, 1 *Atk.* 162. *Russell vs. Russell*, 1 *Brown's Ch. Ca.* 269. The plaintiff is like a creditor threatening to sue under the bankrupt law, who thereby acquires a fair and maintainable preference, but if the debtor voluntarily conveys, it makes him bankrupt. *Alerderson vs. Temple*, 4 *Burr.* 2235. *Hannan vs. Fishar, Cowp.* 117. *Thompson vs. Freeman,* 1 *T. R.* 155.

*Wirt,* (Attorney-General *U. S.)* and *Taney,* for the Appellee, contended, that *Boyle's* interest in the molasses was not a tangible interest, which could be seized under a *fieri facias* or attachment. That it was strictly a *chose in action.* They referred to *M'Combie vs. Davies,* 7 *East,* 5. That if the property was liable to execution, then *Boyle* had an interest therein which he could transfer. They cited *Kennedy vs. Boggs,* 5 *Harr. & Johns.* 403.

The opinion of the court was delivered by

BUCHANAN, Ch. J. In seeking to sustain this suit, it has been contended by the counsel on the part of the plaintiff, that, as *Hugh Boyle,* on the 17th of December, in the year 1817, when he executed the deed to *David Winchester,* intended to take the benefit of the insolvent laws of the state, and did, on the 31st of the same month, make application, and ultimately obtained a final release, the deed to *Winchester,* under the operation of the *first* section of the act of 1812, *ch.* 77, became null and void, and the molasses, thereby intended to be transferred, liable to seizure and sale by the defendant, in virtue of the writ of *fieri facias* then in his hands, which had been before issued upon the judgment obtained by the plaintiff against *Boyle.* But they are met at the threshold by the decision of this court in *Kennedy vs. Boggs,* where it was held, that a transfer of property by a debtor to a creditor, with a view, or under the expectation of becoming an insolvent debtor, is made void by that act only for the purpose of vesting the property in the trustee of such debtor, for the benefit of his general creditors. And it is certainly in consonance with the policy and spirit of the law, that it should be so. If it were otherwise, the effect would be, to divest one creditor of the property, having equal equity, and to cast it into the hands of another, who may first obtain judgment and execution, which could not have been the intention of

1824.
Harding
vs
Stevenson

the legislature; for if the debt of one creditor is to be satisfied to the exclusion of all others, it cannot be very material to the rest, whether it be by means of an execution, or of an immediate transfer of the property by the debtor himself.

But if the deed to *Winchester* should be admitted to be null and void to all intents, and not to the end only, of vesting the property in the trustee of *Boyle*, it would not avail the plaintiff.

Money, specific pieces of coin, which are tangible, may be taken in execution, the actual possession and ownership being in the defendant; but money in the hands of a sheriff, cannot be taken by him, in virtue of a *fieri facias* on a judgment against the person who is entitled to receive it. *Turner vs. Fendall*, 1 *Cranch*, 134; because, though he has a right to the sum levied, and has his action against the sheriff if he fails to pay him the amount, yet he has not the legal ownership of the specific money received by the sheriff, until it is actually paid over to him. Though in such case, if the sheriff brings the money into court, he will be directed to pay it to the creditor, whose execution is in his hands against the property of him for whom it was levied. A mere *chose in action* is not subject to execution, he who has the right, not being in possession, which he can only obtain by legal judgment and execution.

It was well observed at bar, that an execution cannot be levied on the lien a judgment creditor has upon the lands of his debtor. So, though a *fieri facias*, from the time it is placed in the hands of the officer, binds the personal property of a debtor, yet an execution on a judgment against his creditor, cannot be levied upon the property so bound.

The land in the former case cannot be taken in execution and sold to satisfy a judgment against him who has the lien, because the legal title is not in him; nor the personal property in the latter, because the legal title is not in him by whose execution it is bound.

In this case it appears, that the molasses in question was shipped by Messrs. *Gray, Fernandis & Brothers*, from *Havanna* to *Baltimore*, and consigned to *Hugh Boyle*, who had advanced for the purchase of it, on their account, $7886, to be reimbursed and paid to him out of the sales thereof, over and above the regular and usual commission

upon such sales; whereby he acquired a lien, in the two-fold capacity of consignee and pawnee, to the amount of his commission and the sum advanced, without having a legal title to the molasses itself, but only a lien, which he could not transfer by a pledge of the molasses as his own, and was not subject to execution. The defendant, there-fore, had no right, and could not legally have levied on the molasses the *fieri facias* sued out by the plaintiff upon his judgment against *Boyle*, if the deed to *Winchester* had not been made.

JUDGMENT AFFIRMED.