HENRY HANDY, and others *vs.* WILLIAM P. WAXTER.

*Sale under Decree—Exceptions to Ratification of Sale—*
*Sustaining exceptions—Setting sale Aside—Equity Practice*
*and Pleading—Proper parties—How to Supply parties*
*After a Decree—Supplemental bill.*

A testator devised certain portions of his estate to his wife for
life, including certain ground-rents, and provided that after her
death all the property devised to her for life, save certain
excepted portions, "shall be sold, if necessary, for equal parti-
tion, or, if the same can be accomplished without a sale, shall
be divided amongst my children, share and share alike, the
child or children of any deceased child to take the portion to
which the parent, if living, would have been entitled." J. T.
one of the children, died without issue, after the testator, but
before the widow, and left a will by which he disposed of all
his estate. After the death of the widow, a bill was filed by
some of the parties entitled in remainder, asking for a sale of the
ground-rents, and for a division of the proceeds among those
entitled thereto. But those who might claim under the will of
J. T. were not made parties. A decree was passed directing the
sale of the ground-rents by a trustee appointed by the Court.
The trustee sold the ground-rents and reported the sales to the
Court. Whereupon the purchasers came in and excepted to the
ratification of the sales, upon the ground that those entitled to
claim under the will of J. T. were necessary parties to the pro-
ceedings for sale, and that no clear or good marketable title to
the ground-rents could be conveyed to the purchasers by the
trustee. On appeal from an order sustaining the exceptions and
setting the sales aside, it was HELD :

1st. That the Court below could not have passed upon the ques-
tion of the true construction of the clause of the will in respect
to the vesting of the title to the estate in remainder in the ground-
rents,—whether at the death of the testator, or at that of the
tenant for life—without in effect reviewing the original decree
for sale, and that on exceptions to the ratification of sales made
under that decree.

2nd. That such a proceeding would have been unprecedented, and in no case justified, except in those cases where the want of jurisdiction in the Court to pass the decree can be shown.

3rd. That no construction placed upon the will by the Court below, or by this Court would bind the absent parties.

4th. That title therefore could not be made to the purchasers clear of all question, so far as the rights of those claiming under J. T. were concerned.

5th. That it would be contrary to all just principle that the Court should undertake to decide upon and conclude the rights of parties in their absence, and without being heard.

6th. That the parties who might, even by possibility, be entitled under the will of J. T. were proper parties to the proceedings in order that a clear marketable title might be made by the trustee to the purchasers under the decree.

7th. That the Court below was right in sustaining the exceptions to the sale and in directing the refunding of such part of the purchase money as might have been paid.

8th. That if, however, it should be determined, when all proper parties were before the Court, that J. T. took no vested interest in remainder in the ground-rents devised, and had no interest therein that passed by his will, then the Court might, if it should deem it proper to do so, revive the contracts of purchase as they had been reported, if the purchasers should desire that to be done.

9th. That it was too late to attempt to review the decree on appeal, and the course for bringing the proper parties before the Court and making them subject to the decree, was to file a supplemental bill, which could be done as well after as before a decree.

APPEAL from the Circuit No. 2, of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Louis P. Hennighausen,* and *William A. Fisher,* for the appellants.

*Samuel D. Schmucker,* (with whom was *George White-lock,* on the brief,) for the appellee.

Even if the construction contended for by the appellee be considered doubtful, it was the plain duty of the parties who procured the decree for the sale of the property to disembarrass° its title of questions like this, by making proper parties to their case and procuring a binding and final construction of Handy's will. *Glenn, Trustee of Dorsey vs. Clapp,* 11 *G. & J.,* 10.

The well settled rule of law favoring as it does the vesting of estates immediately upon the death of the testator, and the case of *Meyer vs. Eisler,* 29 *Md.,* 28, having been affirmed, as recently as in *Larmour vs. Rich, et al.,* 71 *Md.,* 369, it would be unsafe for a purchaser to take title to the ground-rents now under consideration under the decree of a Court not having jurisdiction to conclude the persons claiming under Jesse T. Handy.

If the appellee had permitted the sale to be ratified by the Court below, and had taken title from the trustee, he would have been exposed to the hazard of litigation at the suit of the persons claiming under Jesse T. Handy, who were not concluded by the proceedings and he would not have held his property by that quiet title to which this Court has repeatedly said a purchaser is entitled. *Owings vs. Baldwin,* 8 *Gill,* 351-2-3; *Gill vs. Wells,* 59 *Md.,* 494, 495; *Second Universalist Society vs. Dugan,* 65 *Md.,* 460, 473.

ALVEY, C. J., delivered the opinion of the Court.

It appears that William W. Handy died in January, 1864, leaving surviving him a widow, Mary Ann Handy, and five children, and one child of a deceased son. By his will, which was duly admitted to probate, he devised and bequeathed to his children and grand-children certain specific portions of his estate, and also to his widow he made certain devises and bequests of certain portions of

his estate for her life, and among these he devised to her all his ground-rents in the City of Baltimore. And by the will he disposed of the estate in remainder in that portion thereof devised to the widow for life, in these terms: "It is my will that after the death of my wife, Mary Ann Handy, that all the property devised to her for life, except the house and lot hereinbefore devised to my son, Thomas P. Handy, after her death, and which is situated on St. Paul street, and the one thousand dollars of Baltimore City stock devised to my said wife, which after her death is to be vested and to go to my son, Thomas, *shall be sold, if necessary, for equal partition,* or if the same can be accomplished without a sale, *shall be divided amongst my children, share and share alike, the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled."* The widow was made the general residuary devisee under the will.

Two of the sons of the testator, namely, Jesse T. Handy and Thomas P. Handy, died after the death of the testator, but before the death of the widow, which latter event did not occur until February, 1891. Jesse T. Handy died in 1885, without children; but he made a will by which he disposed of all his estate. Thomas P. Handy died in 1887, leaving surviving him a widow and two children. The rest of the children left by the testator survived their mother.

Soon after the death of the widow, the life tenant, the parties entitled in remainder not being able to agree among themselves as to a division of the property, a bill was filed by some of the adult parties entitled against the infant parties and some others, asking for a decree for sale of the ground-rents or the reversions out of which the same would issue, and for a division of the proceeds of sale among those entitled thereto. But in the bill no notice whatever is taken of any party or parties who

might claim under the will of Jesse T. Handy, who pre-
deceased the life tenant; and the bill charges that the
only parties entitled are the parties named in the bill.
The bill, and all the subsequent proceedings thereon,
seem to have been founded upon the assumption that
there was no vested interest in remainder in Jesse T.
Handy at the time of his death, and therefore no inter-
est in remainder such as could pass to his devisee or leg-
atee claiming under his will. After testimony taken, a
decree was passed, in the usual form, directing the sale
of the ground-rents, by a trustee appointed by the Court.
That trustee proceeded and sold the ground-rents under
the decree, and reported the sales to the Court. Where-
upon the purchasers came in and excepted to the ratifi-
cation of the sales, upon the ground that those entitled
to claim under the will of Jesse T. Handy were neces-
sary parties to the proceedings for sale, and that no
clear or good marketable title to the ground-rents could
be conveyed to the purchasers by the trustee, and hence
they prayed to be discharged from the sales reported.
That the purchasers were entitled to make such objec-
tions to the ratification of the sale, would seem to be
clearly settled by the case of *Glenn vs. Clapp*, 11 *G.
& J.*, 1.

It is admitted by agreement, that Jesse T. Handy
died after the death of his father, but in the life-time of
his mother, the tenant for life, and that he left a last
will and testament which disposed of his entire estate,
real and personal, to persons who are not parties to these
proceedings. And the Court below, in view of this ad-
mission, determined that it could not declare the true
construction of the will of the testator, William W.
Handy, deceased, by any order that might be passed on
the exceptions of the purchasers to the ratification of the
sales, which would be binding and conclusive upon the
devisees of Jesse T. Handy, deceased; and therefore, by

order of the 15th of December, 1891, the Court sustained the exceptions to the sales reported, and the sales were set aside; and any money that had been paid on such sales was directed to be returned to the purchasers. The question of the proper construction of the clause of the will of William W. Handy, as to the disposition of the estate in remainder of the ground-rents given to the widow for life, is reserved by the order for further consideration of the Court, when such question may be properly raised. It is from this order of the 15th of December, 1891, that the present appeal is taken.

It is contended on the part of the appellants that the estate in remainder of the ground-rents, devised to the widow for life, did not vest in the parties named to take by way of division after the death of the widow, until that event happened. And as Jesse T. Handy predeceased the widow, the tenant for life, no interest in remainder ever vested in him, and consequently no interest did or could pass by his will. This was the theory and assumption upon which the bill was framed and the decree passed, under which the sales were made by the trustee. On the other hand, the purchaser, the appellee on this appeal, contends, that the estate in remainder in the ground-rents vested in the surviving children and grand-child of the testator from the time of his death, and therefore there was an interest in remainder vested in Jesse T. Handy at the time of his death, and upon which his will operated, and consequently the title so vested cannot be sold and conveyed under the present proceedings to which the persons entitled under Jesse T. Handy's will are not parties, and who are in no wise bound thereby.

The Court below declined to pass upon the question of the true construction of the clause of the will in respect to the vesting of the title to the estate in remainder in the ground-rents—whether at the death of the

testator, or at that of the tenant for life;—and in so doing we think the Court was entirely right. It could not have passed upon that question without in effect reviewing the original decree for sale, and that on exceptions to the ratification of sales made under that decree. Such a proceeding would have been unprecedented, and in no case justified, except in those cases where the want of jurisdiction in the Court to pass the decree can be shown. Moreover, no construction placed upon the will by the Court below, or by this Court, would bind the absent parties; and if the construction should be that the estate in remainder only vested on the death of the life tenant, and therefore that there was no estate in remainder vested in Jesse T. Handy to be operated upon by his will, the question would still be open to be litigated between parties claiming under Jesse T. Handy's will, and the purchasers under this decree. The title therefore could not be made to the purchasers clear of all question, so far as the right of those claiming under Jesse T. Handy are concerned. But apart from this, it would be contrary to all just principle that the Court should undertake to decide upon and conclude the rights of parties in their absence, and without being heard. As said by the Court of Appeals in *Glenn vs. Clapp*, 11 *G. & J.*, 1, 7, "The first principles of justice demand that before the Court shall finally and conclusively adjudicate upon the rights of the representatives of a deceased party, an opportunity shall be afforded them to vindicate those rights, quite as much as they demand that all other persons shall have the opportunity to defend their property before its title is decided upon by the Court." Without at all intimating an opinion as to what the construction of the particular clause of the will of William W. Handy should be, in respect to the time of vesting of the estate in remainder, we think the parties who may, even by possibility, be entitled under

the will of Jesse T. Handy, are proper parties to these proceedings, in order that a clear marketable title may be made by the trustee to the purchasers under the decree.

If the ultimate or final construction should be, as the purchasers insist there is ample ground for supposing it will be, that the estate in remainder in the ground-rents vested in the devisees thereof immediately upon the death of the testator, then, of course, there can be no question of the right of the purchasers to be released from the sales made to them. In that case they could not get what, under the decree, was professed to have been sold to them. And under the circumstances of the case, we think the Court below was clearly right in sustaining the exceptions to the sale, and in directing the refunding of such part of the purchase money as may have been paid. If, however, it should be determined when all proper parties are before the Court, that Jesse T. Handy took no vested interest in remainder in the ground-rents devised, and had no interest therein that passed by his will, then the Court may, if it should deem it proper to do so, revive the contracts of purchase as they have been reported, if the purchasers shall desire that to be done. By that course delay and expense may be avoided. *Glenn vs. Clapp, supra.*

But the question now arises, how are all the proper parties to be brought before the Court, and be made subject to the decree? It is too late to attempt to review the decree on appeal. The proper course would seem to be to file a supplemental bill to bring in the omitted parties. It is well settled that a supplemental bill may be filed as well after as before a decree; and among the objects that may be accomplished by such supplemental bills are that proper directions may be given upon some matter omitted in the original bill, or not put in issue thereby; or to bring forward parties before the Court who

have been omitted, but afterwards found to be necessary. *Sto. Eq. Pl., sec.* 338. Such procedure is fully sanctioned by the case of *Stewart vs. Duvall,* 7 *Gill & J.,* 180. In that case it was held, that after a decree obtained for the sale of mortgaged property, new parties, alleged to have an interest in the premises, might be added to the decree by a supplemental bill. But where a supplemental bill brings a new person, or a new interest before the Court, it is open to the parties to make any objection to the decree which might have been made at the first hearing. *Wyatt's Prac. Reg.,* 90. And in the case of *Stewart vs. Duvall, supra,* the Court said, "that as the decree obtained at the first hearing did not bind the newly made parties, but was open to any objection which might have been made at the first hearing, the Court did not perceive that either the principles of policy, or justice, forbid the course which had been pursued in that case, in making the defendants parties to the decree."

We shall affirm the order appealed from, and remand the cause that the parties may take such proceeding as they may be advised.

*Order affirmed, and*
*cause remanded.*

(Decided 16th March, 1892.)