## ·THE EUREKA LIFE INSURANCE COMPANY

### *vs.*

## JOHN H. GEIS AND WALTER HOLLSTEIN, TRUSTEES.

*Descent and distribution: adopted children.   Equity: sale or partition of land; interest of parties.*

Neither under section 74, nor section 76, of Article 16 of the Code, relating to the capacity of adopted children to inherit from the estate of those adopting them, can a child inherit property devised by a testatrix, the mother of the person who adopted the child, to the "right heirs" of said testatrix.   p. 199

On a bill for a sale of land for partition, etc., a court of equity has power to decide that one of the parties defendant has no interest or title to the property in question.        p. 201

*Decided June 25th, 1913.*

Appeal from the Circuit Court of Baltimore City (DUFFY, J.).

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison and Stockbridge, JJ.

*Emil Budnitz,* for the appellant.

*Carlyle Barton* and *Randolph Barton,* for the appellee.

Pattison, J., delivered the opinion of the Court.

Ann C. Hammond devised certain ground rents specifically mentioned in the second clause of her will, to her son Rezin W. Hammond for and during his natural life, and after his death to his children equally, share and share alike, but should no child or descendant be living at the time of his death, then the said property was to go to and vest absolutely in the "right heirs" of the testatrix.

The son survived the mother and died on the 31st day of May, 1911, leaving no natural child or descendant surviving him, but leaving one, Beulah E. B. Hammond, an infant, who by decree of the Circuit Court for Anne Arundel County, passed October 4, 1901, had been declared his adopted child.

On May 10, 1912, three daughters of the testatrix filed their bill of complaint against the widow and all the children of a deceased son of the testatrix, who, with the plaintiffs, constituted, as it is alleged, all the heirs at law of the said testatrix—and against Beulah E. B. Hammond, the said adopted child of Rezin W. Hammond, deceased, for the sale of said ground rents for the purposes of partition.

The bill, in addition to the facts we have stated, contained the essential allegations of a bill for the sale of land for partition, and denied that "said Beulah E. B. Hammond is entitled to any right or interest in any of said property, or that the said Rezin W. Hammond had any power to devise any part of said property to any one". An answer admitting the allegations of the bill was filed by all the defendants except the said Beulah E. B. Hammond and one insane

defendant; for these defendants answers were filed by guardians *ad litem.*

Evidence showing the adoption of the infant defendant as the child of Rezin W. Hammond in the manner above stated, was taken with other evidence in support of the bill, and the counsel appointed by the Court to appear for and represent the infant defendant in these proceedings contended, and so argued to the Court below, that she, as the adopted child of Rezin W. Hammond, was entitled to the ground rents aforesaid to the exclusion of the heirs of the testatrix, the other parties to the bill.

This contention, of course, if adopted, would have resulted in the dismissal of the bill, but the learned judge below held that she, as such adopted child of the life tenant, could not take under the will of Ann C. Hammond, and decreed the sale of the property under the bill filed. The ground rents were thereafter sold, under said decree, to the appellant, and the sale was reported to the Court.

The appellant, as such purchaser, excepted to the ratification of the sale, alleging as grounds therefor that the trustee could not convey to it a marketable title, inasmuch as "there has been no judicial determination of the right *vel non* of said Beulah E. B. Hammond to said property, as against the right heirs of said Ann C. Hammond, who are plaintiffs and defendants in these proceedings and said question can not be properly determined in these proceedings."

As provided by Section 72 of Article 16 of the Code of 1912, "The several equity courts of this State, upon the application of any person residing in the city or county where such application is made, shall have power to pass a decree declaring any minor child the adopted child of the petitioner." It was by the authority of this section of the Code that Beulah E. B. Hammond was, upon the application or petition of the said Rezin W. Hammond, declared by the decree of the Court aforesaid, to be the adopted child of the petitioner.

And as provided by section 74 of the said Article: "The effect of such decree of adoption shall be to entitle the child so adopted to the same rights of inheritance and distribution as to the petitioner's estate * * * as if born to such petitioner in lawful wedlock."

In section 76 of the same article it is provided that "The term 'child' or its equivalent in a deed, grant, will or other written instrument shall be held to include any child *adopted by the person executing the same,* unless the contrary plainly appears by the terms thereof, whether such instrument be executed before or after the adoption."

The life estate of Rezin W. Hammond in said lands was not such an estate as his adopted child could acquire from him either by inheritance or devise. The only interest claimed by her in the lands is the interest, if any, that passed to her as the "child" of R. W. Hammond under the will of Ann C. Hammond, and as she is the adopted child of R. W. Hammond, she cannot, by the provisions of the statute, take under the will of Ann C. Hammond. See the cases of *Sewall* v *Roberts et al.,* 115 Mass. 262; *Wyeth* v. *Stone,* 144 Mass. 441; *Van Derlyn* v. *Mack,* 137 Mich. 146; *Quigley* v. *Mitchell,* 41 Ohio State, 375, construing similar statutes in other states.

The learned Court below was entirely right, in our opinion, in holding that the property did not pass to Beulah E. B. Hammond, the adopted child of Rezin W. Hammond, deceased.

The plaintiff, however, as we have said, contends that this question cannot be properly determined in these proceedings, and in support of this contention refers us to the case of *Savary et al.* v. *Da Camara et al.,* 60 Md. 139. In that case, the bill was filed by parties claiming as next of kin to the decedent on the part of his mother, for the sale of his real estate for the purpose of partition among them. The bill asked for an order of publication giving notice of the object and substance of the bill to the unknown heirs of the decedent on the part of his father, and the order was granted as

prayed. Upon the mere certificate of publication of said order and without affidavit of the existence or non-existence of the unknown heirs of the decedent, or of their non-residence, an interlocutory decree against the defendants was passed and an *ex parte* commission to take testimony was issued, and thereafter the return of the commission and the testimony taken thereunder was filed. Later a final decree was passed for the sale of the property, which was sold, and the sale finally ratified. Before a distribution of the proceeds of sale was made a bill of review was filed by the alleged heirs on the part of the father, and to this bill a demurrer was filed. The question raised upon such demurrer, as stated by the Court in its opinion, was, "Were the heirs of the decedent on the part of his father concluded by the decree for sale in that case?" The Court below overruled the demurrer and the action of the lower Court was affirmed by this Court.

It is true the Court in that case said, "A bill for partition cannot be made to serve in an action of ejectment, and is not designed to settle adverse rights, but only to subserve the convenience of those whose interests in the subject-matter are conceded."

In that case there was no will upon which the rights of the parties depended to be construed by a Court of Equity, as in this case, but there the decedent died intestate and the question was, who were entitled to his proprty by inheritance. It was not denied that if the defendant left kindred or relatives on the part of his father that they would inherit his property to the exclusion of the kindred or relatives on the part of the mother, and so alleged in the bill, that there were no such relatives on the part of his father. It was, therefore, a question of fact as to whether there were such relatives on the part of his father. If there were, they were entitled to the estate to the exclusion of those on the part of his mother. So far as the testimony in that case disclosed, there were no relatives on the part of his father, and the

decree, as prayed, was accordingly passed, but before a distribution of the proceeds, persons claiming to be the next of kin on the part of his father, filed the above mentioned bill of review, and it was upon the facts stated, differing widely from those in this case, that the expression of the Court there found was based.

The property involved in this case is not the property of the infant defendant unless she has acquired it under the will of Ann C. Hammond, and therefore her right thereto is dependent upon a construction of said will.

The bill in this case alleges that the plaintiffs and the defendants, not including the said infant defendant, are the heirs of the said testatrix, and that as such, under the will of Ann C. Hammond, they are the owners of the property mentioned in these proceedings and sought to be sold for the purpose of partition among them, and although it alleges that the infant defendant is the adopted child of Rezin W. Hammond and asks that she be made a party defendant thereto, it denies that she has any right or interest in said property. It is apparent that this was done in order that her rights under the will, if any she had, could be determined by a construction of the will by the Court of Equity in this case.

She appeared, represented by counsel, took evidence in support of her claim and her supposed rights under the will were fully presented to and considered by the Court, who decided that she had no interest in said property, but that it was the property of the plaintiffs and the other defendants in these proceedings, and therefore passed a decree directing that it be sold for the purpose of partition among them.

In our opinion, the Court below, as a Court of Equity, had full power and authority in these proceedings to adjudicate the rights of the infant defendant under the will of the testatrix in respect to the property here involved, and in this view we are sustained by *Handy* v. *Waxter,* 75 Md. 517; *Wickes* v. *Wickes,* 98 Md. 307; *Lumpkin* v. *Lumpkin,* 108 Md. 470.

In the first of these cases (*Handy* v. *Waxter, supra,*) a bill was filed asking for the sale of the land therein mentioned for the purpose of partition among the parties plaintiff and defendant thereto. A decree was obtained and the property sold. The purchaser excepted to the ratification of the sale upon the grounds that because of the uncertain meaning of a clause in the will there involved, there were persons who should have been, but were not made parties to the bill, and therefore a marketable title to said land could not be conveyed to him under said decree. In affirming the Court below in its rulings sustaining the exceptions filed to the ratification of the sale, this Court said: "We think the parties who may, even by possibility, be entitled under the will of Jesse T. Handy, are proper parties to these proceedings, in order that a clear marketable title may be made by the trustee to the purchasers under the decree," and suggested that a supplemental bill be filed bringing into that case the parties omitted therefrom, in order that their rights, if any they had, could be adjudicated in said proceedings.

We find no error in the Court below in overruling the exceptions filed and in ratifying the sale made under the decree. The decree below will be affirmed.

*Decree affirmed, the costs to be paid out of the estate.*