# DAISY I. KNEISLEY

*vs.*

## FRANK H. KNEISLEY, Executor, etc.

*Power to executor to sell real estate: right and title to profits pending sale.*

A power in a will authorizing an executor to sell and dispose of all the real estate of the testator confers upon the executor a naked authority to sell; and, in the interval between the death of the testator and the sale of the real estate under the power, the freehold descends to the heirs at law, who are entitled to the profits until sale actually made.                    p. 472

*Decided May 14th, 1919.*

Appeal from the Orphans' Court of Montgomery County.

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge, and Adkins, JJ.

*Augustine S. Mason,* for appellant.

*Frank G. Wagaman* submitted, on brief, for appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

At the argument of this case that which was most dwelt upon by the counsel for the appellant was whether there had been an equitable conversion from realty to personalty of certain property belonging to the testator, Joseph H. Kneisley.

The clause of the will out of which the controversy has arisen is as follows:

> "Item 4. I direct my executor, hereinafter named, as soon as convenient after my death, to sell all my personal property, except the bureau and the Montross Metal Casket Company stock hereinbefore bequeathed to Frank H. Kneisley and Daisy I. Kneisley, respectively; and I do hereby authorize and direct my executor, as soon as convenient after my death, to sell and dispose of all real estate I may have at the time of my death, subject to the following terms of payment: the purchaser or purchasers to pay two-thirds of the purchase price of said real estate at once, and the other one-third of the purchase price to remain in said property and as a charge upon said real estate as long as my wife shall live, the purchaser or purchasers to pay to my said wife the interest on said remaining one-third of the purchase price at the rate of five (5) per cent. per annum, to be paid quarterly, so long as she may live, and at the death of my said wife the said remaining one-third of said purchase price to be paid to my executor by said purchaser or purchasers, and to be disposed of by my said executor as provided herein for the rest and residue of my estate as hereinafter set forth, and to go to the persons taking said rest and residue of my estate as hereinafter set forth, the said remaining one-third of said purchase price and all interest thereon accruing as aforesaid to be charge and lien on said real estate until finally paid over to my executor after the death of my said wife."

An examination of the entire will indicates the purpose of the testator to blend his personal estate and the proceeds of

his real estate, so as to facilitate the carrying out of the provisions of his will. There is no room for doubt.

The rule of law in regard to equitable conversion has been repeatedly laid down by this Court. *Sloan* v. *Safe Deposit Co.,* 73 Md. 239; *Stake* v. *Mobley,* 102 Md. 408; *Lambert* v. *Morgan,* 110 Md. 28. This is in entire harmony with what has been held in other jurisdictions. The view of the courts elsewhere is clearly and concisely stated in 6 *R. C. L.,* p. 1087, and 13 *Corpus Juris,* p. 854.

The question presented by the record in this case is radically different from that discussed by the counsel for the appellants. What occurred was this: Mrs. Adaline Kneisly, the widow of the deceased, renounced all claim to any bequest or devise contained in the last will of her husband, and elected to take in lieu thereof her legal share of the estate of her said husband.

The petition to the Orphans' Court of Washington County, after reciting the will and the administration accounts passed by the executor, alleges that the executor between the time of the death of Joseph H. Kneisley, and before the sale of the land was made, harvested certain crops, namely, a wheat crop, amounting to 549 bushels; approximately 11 tons of straw, a corn crop and hay crop; and the petition closes with the prayer that the executor be required to reopen and restate his second account, in which he should render an accounting for the crops so raised and disposed of.

What the executor sold was not the entire real estate of his deceased, but a two-thirds interest in it, as appears from his second account. Whether this action of the executor was such as to work an equitable conversion of the entire realty, is not a question raised by the record in this case, and it is not now necessary to decide.

What the testator had in mind was not the sale of an undivided part of his estate, but a sale of the realty, to the end that his real and personal estate should be blended in a common fund for the payment of legacies and debts, which was, in effect, the provision in the will which this Court had

under consideration in *Boyce* v. *The Kelso Home,* 107 Md. 197.

The answer of the executor denies the jurisdiction of the Orphans' Court to direct the disposition of so much of the moneys in his hands as was derived from the sale of these crops, but proffers himself ready and willing to render an accounting of such proceeds from the time of the death of the testator to the sale of the undivided two-thirds interest to the heirs at law of Mr. Kneisley.

In *Seeger* v. *Leakin,* 76 Md. 403, this Court distinctly held that up to the time of the exercise of the power of sale contained in, or necessarily derived from, the will, the executor had nothing except a naked authority to sell, and that in the interval between the death of the testator and the sale the freehold descends to the heirs at law, who are entitled to the profits thereof until a sale is actually made, and the rule of law so laid down has neither been departed from nor modified by any subsequent decision of this Court.

Consequently, the Orphans' Court of Washington County was entirely correct in its ruling dismissing the petition of Daisy I. Kneisley, and it follows that the order appealed from will be affirmed.

*Order affirmed, costs to be paid by the appellant.*