# THOMAS M. TALBOTT

## *vs.*

## CURTIS EPPA COMPHER ET AL.

*Equitable Conversion—Direction for Sale in Futuro—Implied Power in Executor—Interest of Beneficiary— Partition Proceeding—Demurrer to Bill.*

Where testator gave his wife a life estate in his land, with directions that on her death the land be sold and the proceeds divided among his children, there was an equitable conversion of the land into money as of the time of testator's death.

pp. 97-99

The necessity of a conversion of realty into personalty to accomplish the purposes expressed in a will is equivalent to an equitable direction to convert, and effects an equitable conversion.

p. 100

Where a will provides for a sale of land and distribution of the proceeds, a power of sale in the executor is implied, unless a contrary intention appears.

p. 100

A devise of land to testator's widow for life, with directions that at her death the land be sold and the proceeds divided among testator's children, gives to no one of the children any interest or estate in the land itself, which is the subject of execution, the children having at most a naked legal title to the fee simple as heirs at law of testator.

p. 101

Where a bill seeking a sale of certain land for the purpose of partition shows on its face that plaintiff has no interest in the land or in the proceeds of sale thereof, a demurrer thereto is properly sustained.

p. 102

*Decided February 18th, 1920.*

Appeal from the Circuit Court for Montgomery County (PETER, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER and STOCKBRIDGE, JJ.

*H. Maurice Talbott,* for appellant.

*Robert B. Peter,* for appellee.

THOMAS, J., delivered the opinion of the Court:

Jonas C. Compher, of Montgomery County, Maryland, died in 1907, seized and possessed of a farm in that county, containing about one hundred and thirty-one acres of land, and leaving a widow, Henrietta Compher, and the following children, viz.: Curtis Eppa Compher, Zachariah M. Compher, Bernard I. Compher, Julius Compher, Wilfred C. Compher, Esther M. Compher, who inter-married with Maurice M. Mossberg, and Katherine V. Baker, who inter-married with Walter R. Baker. The decedent left a last will and testament, which was duly admitted to probate by the Orphans' Court of Montgomery County, and by which, after providing for the payment of his debts and funeral expenses, he disposed of his estate as follows: ·

> "2nd. I give and bequeath unto my beloved wife, Henrietta Compher, all of my personal property for her to have and to hold, and also all of the money due me at the time of my death as her own, and she is at liberty to keep or sell the personal property as she desires best to do.
>
> "I also give and bequeath unto my said wife, Henrietta Compher, my farm, situated about one and one-half miles west of Poolesville, Md., for her to hold and possess as long as she lives; she having the privilege to live on it or rent it. If she rents it, she is to receive farm for her support as long as she lives, and after her death I wish the said farm to be sold to the best advantage and the money divided equally between my surviving children. I also desire my wife, Henrietta Compher, to give reasonable attention to my two minor heirs, Bernard and Clinton Compher, until they are of age.
>
> "3rd. I nominate and appoint my two sons, Curtis E. Compher and Zachariah M. Compher, to execute

> this my last will and testament, hereby revoking all
> former wills by me made."

In 1908 a certain John P. Fauble recovered a judgment
in the Circuit Court for Montgomery County against Kath-
erine V. Baker, one of the children of the testator, and Wal-
ter R. Baker, her husband, and by virtue of a writ of exe-
cution issued out of said Court, the sheriff of Montgomery
County sold all the "right, title, interest, claim and estate,
both at law and in equity," of Katherine V. and Walter R.
Baker "in and to" the farm mentioned in the testator's will
at public sale for $135.00 to Thomas M. Talbott, and con-
veyed the same to him by deed dated January 17th, 1911.
Henrietta Compher, the testator's widow, died in December,
1918, and thereafter, in February, 1919, Thomas M. Talbott
filed the bill of complaint in this case, with a copy of said
will and a copy of the deed to him as exhibits, against all
the surviving children of the testator and their respective
wives and husbands, except Katherine V. Baker and Walter
R. Baker, for a sale of said farm for the purpose of parti-
tion.   The defendants demurred to the bill, which alleged
the facts to which we have referred, on the ground that it
fails to state a case entitling the plaintiff to any relief in
equity against the defendants, and because the bill shows
that the plaintiff has no interest in the property mentioned,
and this appeal is from the decree of the Circuit Court for
Montgomery County sustaining the demurrer and dismissing
the bill.

The learned Court below took the view that under the
terms of the testator's will there was an equitable conversion
of the farm into money, and in this view we entirely con-
cur.   The question of equitable conversion by will is a ques-
tion of the intention of the testator.   It is said in 6 *R. C. L.*,
p. 1075, "And wherever it is apparent from the words of the
will that the testator meant that his real estate in that form

should not pass into the possession of the objects of his testamentary bounty, but should be converted into money, and as money come to those for whom he designs the benefaction, this will be considered in equity as a bequest of personalty, and the property will be treated in all respects as if the conversion had been made by the testator in his lifetime." In the case of *Reiff* v. *Strite,* 54 Md. 298, the testator was seized of a farm and some mountain land, and was also possessed at the time of his death of certain stocks and other personal property. "By his will he authorized and empowered his executors to sell his mountain land at any time after his death, but his farm and his stocks and certain other personal property he devised and bequeathed to his wife for life, and after the death of his widow he authorized and directed his executors to sell the farm, and also the stocks and other property belonging to his estate." After providing for certain pecuniary legacies he provided that the proceeds of the sales authorized to be made by his executors, and all the residue of his estate, should be distributed and paid over to certain parties named in his will, including his brother, Samuel Strite. In disposing of the case JUDGE ALVEY, speaking for the Court, said: "With respect to the real estate, that being directed to be sold for the purpose of distribution, its conversion into personalty is to be regarded as complete from the death of the testator, so far as the residuary legatees are concerned. Those, therefore, claiming the property under the residuary bequests of the will must take it in the character which the testator, by directing the conversion, has impressed upon it; and its subsequent disposition is governed by the rules applicable to property of the character into which the conversion is directed to be made. Therefore, the bequest to Samuel Strite or his heirs must be construed as of personal estate alone, though the farm devised to the widow for life, and which constituted a considerable part of the residuary estate, was not to be sold until after her death.

The authorities are uniform in holding this to be an established principle of equity."

In the case of *Stake* v. *Mobley,* 102 Md. 408, JUDGE BOYD, speaking for this Court, said: "When a testator manifests a clear and unmistakable intention that real property belonging to his estate shall be sold and converted into money, it is in equity generally treated as so converted *at the time of his death,* in the absence of some provision or expression in the will which contemplates a postponement of the time of conversion. The general rule 'that lands devised to be sold are thereby turned into money and construed in equity as personal estate,' was recognized by our predecessors many years ago." And in the still later case of *Lambert* v. *Morgan,* 110 Md. 1, JUDGE BRISCOE, after quoting the statement made by JUDGE BOYD in *Stake* v. *Mobley, supra,* said: "Now, while the time, manner and terms of sale were left to the discretion of the trustee, the fact of sale by the trustee was contemplated at all events, and in such cases the authorities are uniform in holding that this will work a conversion of the realty at the time of the death of the testator."

In respect to the time of conversion it is said in 6 *R. C. L.,* p. 1087: "According to the great weight of authority where land is directed by a testator to be sold at, within, or after a definite future time, it is to be regarded as converted into personalty as of the time of the testator's death, and all property rights must be determined as if actual conversion had taken place at that time." When viewed in the light of the authorities quoted, and others that might be cited, there can be no doubt that the will converted the testator's farm into personalty as of the date of his death so far as his surviving children are concerned. The intention of the testator to convert it into money is clearly expressed. He does not devise *the farm* to his surviving children, but directs that it be sold after the death of his widow and the *money* arising from the sale "divided equally between" them. The bill of complaint alleges, and the demurrer admits, that the farm is

not susceptible of partition without loss to the parties interested, and if that is so the testator probably knew it, and for that reason provided that it should be sold and the proceeds equally divided. Here, then, we have not only an expressed direction to sell, but also the necessity for a sale in order to accomplish the purpose of the testator to give his children an *equal share* of his property. It is said in 9 *Cyc.* 833 and quoted in *Stake* v. *Mobley, supra,* "The necessity of a conversion of realty into personalty to accomplish the purposes expressed in the will is equivalent to an imperative direction to convert and effects an equitable conversion."

It is suggested in the brief of counsel for the appellant that the will does not confer upon the executors or any one else a power of sale. But the will provides for a sale of the property and a distribution of the proceeds, and appoints his two sons, Curtis E. and Zachariah M. Compher, "to execute" his will. In 31 *Cyc,* 1099, it is said: "Whenever a power is given in a will to sell property without expressly naming a donee of the power, and the proceeds of the sale are to go to pay debts or legacies, or to be distributed, then the power by implication vests in the executors, unless a contrary intent appears," and in the case of *Ogle* v. *Reynolds,* 75 Md. 145, JUDGE ROBINSON, in disposing of the power of the executors in that case, said: "Being of opinion, then, that the testatrix meant that the reversion or fee, which she owned in these lots should be sold, the question is whether the power to sell was given to the executors. And in regard to this, there cannot be, it seems to us, any difficulty. We take it to be well settled that where a testator directs that his real estate shall be sold, and the proceeds of sale are to be disbursed or distributed by the executors, the power to sell is an implication of law. This was decided in *Magruder* v. *Peter,* 11 G. & J. 226, and so decided by the Supreme Court in *Peter* v. *Beverly,* 10 Pet. 565." If, then, the power of sale is not expressly conferred upon the executors by the will, it vests in them by implication.

As the farm was converted by the will into money, the surviving children of the testator acquired under the will no interest in the land that could be sold under execution. It is said in 17 *Cyc*, 954, "Where a testator directs his executors to sell his land and divide the proceeds among designated legatees, it is well settled that such legatees have no estate in the land which can be the subject of execution." In the case of *Stake* v. *Mobley, supra*, where the testator's will converted his real estate into personalty, and where prior to the sale of the real estate one of the legatees executed a mortgage conveying to the mortagee all her "right, title, interest and estate" in a certain part of the testator's real estate, this Court held that the mortgage was not a lien on the legatee's interest in the property described in the mortgage, and in the case of *Lambert* v. *Morgan, supra*, where a mortgage was given under similar circumstances, this Court held that the recording of the mortgage "did not create a lien" on the property. See also *Early* v. *Dorsett*, 45 Md. 462, and *Harding* v. *Stevenson*, 6 H. & J. 264. The sheriff's deed to the appellant conveyed to him "All the right, title, interest, claim and estate of the said Walter R. Baker and Katherine V. Baker in and to" the farm described in the deed. As we have said, the testator did not devise to Mrs. Baker any interest or estate in the *farm*, but gave to each of his surviving children an equal share of the money arising from the sale of it. Nor did the testator devise the farm to his executors. The only title, therefore, that Mrs. Baker could have had to the farm was the title to the fee as one of the heirs at law of the testator, which was liable to be divested by a sale under the terms of the will, and as the will gave to the testator's widow a life estate in the farm, during the widow's life Mrs. Baker had only a naked legal title to the property, and a voluntary or involuntary conveyance of that title could convey no greater right than the heir possessed. *Magruder* v. *Peter*, 4 G. & J. 329; *Baumeister* v. *Silver*,

98 Md. 418; *Stake* v. *Mobley, supra; Kneisley* v. *Kneisley,* 134 Md. 469.

It is also urged by the appellant that the Court below "erred in not requiring the appellees to file an answer instead of deciding the case on demurrer." But it is said in *Miller's Equity,* Sec. 98, "To entitle a party to sustain a bill, he must show on the face of the bill an interest in the subject of the suit, or a right to the thing demanded, and if such interest or right to sue be not fully shown by the bill itself, the defendant may demur." See also *Eureka Life Ins. Co.* v. *Geis,* 121 Md. 196. In this case the bill of complaint shows on its face that the appellant has no interest in the money arising from a sale of the property, and that he has, therefore, no such interest in or title to the farm as entitles him to a decree of a court of equity for a sale of the farm for the purpose of dividing the proceeds of the sale among those entitled thereto.

It follows from what has been said that the decree of the Court below must be affirmed.

*Decree affirmed, with costs.*